UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| SHANE FLAUM, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | **CASE NO. 15-cv-62695-WJZ** |
| v. ) ) | **CLASS ACTION** |
| BUTH NA-BONDAIGE, INC., ) a Delaware corporation, d/b/a ) THE BODY SHOP, ) ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL UNDER RULE 23(g) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Shane Flaum ("Plaintiff" or "Flaum") respectfully moves, pursuant to Federal Rule of Civil Procedure 23(g), for appointment of Bret Lusskin, Esq. of Bret Lusskin, P.A. ("Lusskin"), Scott D. Owens of Scott D. Owens, P.A. ("Owens") and Keith J. Keogh of Keogh Law, LTD ("Keogh") as Lead Interim Class Counsel ("Proposed Interim Co-Lead Counsel"). Proposed Interim Co-Lead Counsel have demonstrable expertise and experience in successfully litigating consumer class action cases, particularly those brought under the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681c(g)(1) (FACTA). Proposed Interim Co-Lead Counsel possess the financial and personnel resources necessary to lead this litigation. Proposed Interim Co-Lead Counsel are well qualified to represent the proposed class under the criteria established for selection of lead counsel by Fed. R. Civ. P. 23(g)(1)(A). In support hereof, Plaintiff submits the following Memorandum of Law.

**Introduction**

On December 27, 2015, Plaintiff filed this class action lawsuit on behalf of himself and a nationwide class of other individuals who, when making credit or debit card payments at a The Body Shop store, were provided with a point of sale receipt which displayed more than the last five

digits of the credit or debit card account number. Plaintiff and the putative class were damaged by Defendant's conduct, not only because they were uniformly burdened with an elevated risk of identity theft, but because a portion of the sale from credit or debit card transactions is intended to fund the protection of consumer data, including the masking of credit card or debit card numbers as required by both state and federal laws. As a result of Defendant's reckless disregard for their rights, Plaintiff and the Class are entitled to an award of statutory damages and other relief pursuant to 15 U.S.C. 1681n.

On February 12, 2016, a nearly identical class action lawsuit was filed against Defendant in the Southern District of New York, *Lee v. Buth-Na-Bodhaige, Inc.*, Case No. 16-cv-01104-LTS. A "Notice of Pending, Refiled, Related or Similar Actions" is being filed contemporaneously herewith, pursuant to S.D. Fla. L.R. 3.8. Appointing Proposed Interim Co-Lead Counsel here is necessary to protect the class' interests, to prevent uncertainty, and to promote the efficient litigation of this case.

Under Rule 23(g) of the Federal Rule of Civil Procedure, "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Interim counsel should be appointed when it is "necessary to protect the interests of the putative class." Fed. R. Civ. P. 23, advisory comm. nn. (West 2003). Such a "[f]ormal designation of interim counsel [is] appropriate" when there is uncertainty or rivalry among plaintiffs' counsel. *Id.* The appointment of interim class counsel may be helpful in "clarify[ing] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004).

**Legal Standard for Appointment of Interim Class Counsel**

"If more than one applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." In making that determination, the Court must consider:

- (i) the work counsel has done in identifying or investigating potential claims in the action;
- (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
- (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(a). The Court can also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g) (1) (B).

Appointing Proposed Interim Co-Lead Counsel will serve the interest of the class through the firm's assistance with "administrative matters, such as filings, communications with the Court, convening meetings of counsel, assuring compliance with local rules, and attending hearings." *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014); *see* MANUAL FOR COMPLEX LITIGATION § 10.221.

The Proposed Interim Co-Lead Counsel are well suited for this important role because they (i) have worked diligently on this action since its inception; (ii) have considerable experience in leading the prosecution of complex consumer class actions, including violations of FACTA; (iii) are familiar with the applicable law; and (iv) have the demonstrated the ability to commit the necessary resources to this matter.

**The Proposed Interim Co-Lead Counsel Have Worked Diligently
to Identify and Investigate All Potential Claims in the Action**

Proposed Interim Co-Lead Counsel have expended significant time and resources in identifying and investigating the potential claims relating to the subject FACTA claims against Defendant. In addition to the substantial work that Proposed Interim Co-Lead Counsel have already performed, these firms continue to expend considerable resources to identify and investigate

pertinent factual and legal issues relating to Plaintiff's claims. They will continue to analyze the strengths and weaknesses of Plaintiffs' claims and Defendant's potential defenses and stand ready to cooperate with the parties in the competing case. Proposed Interim Co-Lead Counsel believe their work thus far has already demonstrated leadership and commitment, and has positioned this litigation to secure maximum recovery and protections for the Class.

**Proposed Interim Co-Lead Counsel Have Significant Experience in Leading the Prosecution of Consumer Class Actions and Are Knowledgeable of Applicable Law.**

Courts appointing lead counsel have placed great emphasis on proposed class counsel's experience and knowledge of applicable law. *See, e.g.*, *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004).

As their summary resumes evidence, the Proposed Interim Co-Lead Counsel have significant experience leading the prosecution of complex class actions, including class actions under FACTA. (*See* **Exhibits A-C**) They have repeatedly served as lead counsel or co-lead counsel in such cases, are well-versed in the applicable law, and will draw on their substantial knowledge and experience to effectively represent Plaintiffs and the putative Class in this matter.

In fact, Proposed Interim Co-Lead Counsel are responsible for *the three largest all cash FACTA class action settlements*. *Legg v. Laboratory Corporation of America Holdings*, No. 14-cv-61543-RLR (S.D. Fla., filed July 6, 2014) ($11 million dollars); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC (S.D. Fla., filed Aug. 29, 2014) ($7.5 million dollars pending final approval) and *Muransky v. Godiva Chocolatier, Inc.*, No, 15-cv-60716-WPD (S.D. Fla., filed Apr. 6, 2015) ($6.3 million dollars pending final approval). In addition, Keith Keogh, Esq. obtained class certification and was appointed class counsel in following FACTA class actions: *Cicilline* v. *Jewel Food Stores, Inc.,* 542 F.Supp.2d 831 (N.D. Ill. 2008) (Co-Lead Counsel for FACTA class); *Harris* v. *Best Buy Co.,* 07 C 2559,2008 U.S. Dist. LEXIS 22166 (N.D. Ill. March 20, 2008) (FACTA class); *Matthews* v. *United Retail, Inc.,* 248 F.R.D. 210 (N.D. Ill. 2008) (FACTA class); *Redmon* v. *Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D. Ill. 2008) (FACTA class); *Harris* v. *Circuit City Stores, Inc.,* 2008 U.S. Dist. LEXIS

4

12596,2008 WL 400862 (N.D. Ill. 2008) (FACTA class); *Pacer* v *Rockenbach Chevrolet Sales, Inc.,* 07 C 5173 (N.D. Ill. 2008) (FACTA class).

Proposed Interim Co-Lead Counsel's success in these cases, and others[1] as set forth in their declarations, speaks to their intimate knowledge of the applicable federal law and class action procedure. It's worth noting that *Lee* counsel appears to have overlooked the important fact that Defendant, Buth Na-Bodhaige, Inc., had previously been sued for FACTA violations. This is a major oversight, considering that this matter requires proof of *willful* violation.

### Proposed Interim Co-Lead Counsel Are Prepared to Commit Substantial Resources to Advance this Litigation in a Thorough and Timely Manner

Courts often consider the resources that proposed class counsel will commit to the prosecution of the lawsuit. *LeBeau v. United States,* 222 F.R.D. 613, 619 (D.S.D. 2004) ("In considering the resources that counsel will commit to representing the class, the Court may consider the staff, supplies and professional commitments of that attorney.") (citation omitted).

Proposed Interim Co-Lead Counsel are prepared to devote significant human and financial resources to representing the interests of Plaintiff and the putative class in this action. Proposed Interim Co-Lead Counsel have already committed multiple lawyers to the effort, and will devote whatever further resources are necessary to litigate this case through pre-trial, trial, and any appeals that may be necessary. In addition, Proposed Interim Co-Lead Counsel have the financial wherewithal to fund this litigation—and absorb whatever expenses may be required, including expert expenses—through the entire length of the case, even if this case were to take several years or more to resolve. Proposed Interim Co-Lead Counsel have demonstrated their willingness to successfully fund these types of cases in the past, and will do so here as well. For example, prior to

---

[1] Keogh was also class counsel in the two largest Telephone Consumer Protection Act ("TCPA") settlements in the country. *See Hageman v. AT&T Mobility LLC, et al.*, Case 1:13-cv-00050-DLC-RWA (D. MT.) (Co-Lead) (Final Approval Granted February 11, 2015 providing for a $45 million settlement for a class of 16,000 persons) and *Capital One Telephone Consumer Protection Act Litigation*, et al., 12-cv-10064 (N.D. Ill. Judge Holderman) (Liaison Counsel and additional Class Counsel) (Final Approval Granted February 12, 2015 for a $75 million settlement).

the FACTA class settlement in *Legg v. Laboratory Corporation of America Holdings*, Proposed Interim Co-Lead Counsel reviewed thousands of documents, conducted eighteen depositions, including four expert depositions, and conducted the briefing and hearing on plaintiff's motion for class certification, defendant's motion for summary judgment, and the parties' respective *Daubert* and related motions.  Proposed Interim Co-Lead Counsel further attended two mediations to resolve the matter.  Likewise, the *Spirit* case did not settle until after substantial discovery practice, contested certification of the class, and two mediations sessions.

The importance of selecting the most experienced law firm to represent the putative class is even more pressing when considering the resources and representation of the litigants on the other side of the case. Defendant is a well-capitalized corporate litigant with vast resources, and it is represented by exceptional defense counsel. To ensure that the putative class is best represented against such a formidable defense, the putative class needs aggressive, well-capitalized, and experienced counsel that is willing and able to litigate this case effectively to its conclusion, up to and including trial and appeal.

As set forth in their resumes, Proposed Interim Co-Lead Counsel have well-established histories of committing ample resources to massive class action litigation, and this history provides a compelling basis for concluding the firms will do likewise here. Indeed, Proposed Interim Co-Lead Counsel's ability to endure and successfully resolve complex and cumbersome litigation in large, multimillion-dollar cases such as this litigation has been recognized by courts.

### Conclusion

In sum, Proposed Interim Co-Lead Counsel are highly capable plaintiff's class action firms that will see this litigation through to the end and expend all the time and resources necessary to successfully prosecute the case on behalf of Plaintiff and the putative class, including trial and appeal, if necessary.  Proposed Interim Co-Lead Counsel will ensure the efficient and orderly prosecution of this case, and secure the very best possible representation and outcome for Plaintiff

and the putative class.  For these reasons, Plaintiff respectfully requests that the Court appoint Bret Lusskin, Scott D. Owens and Keith J. Keogh to serve as Interim Co-Lead Class Counsel, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## CERTIFICATION OF RULE 7.1(a)(3) CONFERRAL

I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

Specifically, on Thursday, February 18, 2016 at 9:20 a.m., the undersigned, in a written communication to opposing counsel, requested whether they would oppose the relief requested herein. Counsel for Defendant, Manuel Kushner, responded "I am tied up most of the day today on another matter.  It is unlikely that I will be able to respond to your e-mail by the close of business today.  I will try to get back to you tomorrow." On this date, at 12:04 p.m., the undersigned sent a second request to opposing counsel who, as of the filing of this motion, has offered no response.

**Dated: February 19, 2016**                Respectfully submitted,

 s/ Scott D. Owens
One of Plaintiff's Attorneys

Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Bret L. Lusskin, Jr.
Bret Lusskin, P.A.
20803 Biscayne Blvd., Ste. 302
Aventura, FL 33180

Tel: 954-454-5841
Fax: 954-454-5844
blusskin@lusskinlaw.com

Keith J. Keogh (pending *pro hac vice* admission)
Keogh Law, Ltd.
55 W. Monroe Street, Ste. 3390
Chicago, IL 60603
Tel: 312–726–1092
Fax: 312-726-1093
keith@keoghlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 19, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. Mail and/or some other authorized manner for those counsel or parties below, if any, who are not authorized to received electronically Notices of Filing.

By: s/ Scott D. Owens
Scott D. Owens, Esq.