UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE)

Case No. 0:15-cv-62695-WJZ
Civil Division · Judge Zloch

SHANE FLAUM, individually and on
behalf of others similarly situated,

    Plaintiff,

v.

BUTH-NA-BODHAIGE, INC.,
d/b/a THE BODY SHOP,

    Defendant.

_____/

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL UNDER RULE 23(g)

Defendant Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop" or "Defendant"), by and through its attorneys, hereby opposes Plaintiff's motion for appointment as interim class counsel under Rule 23(g), and in support thereof states as follows:

Plaintiff's motion to appoint interim class counsel is both premature and unnecessary. Plaintiff's counsel represent the Plaintiff and the putative class in this action by reason of the fact that they signed the complaint. There are no other counsel representing Plaintiff or the putative class in this case and therefore there is no need to appoint "interim" or any other counsel for Plaintiff. If and when Plaintiff moves for class certification, the Court can determine whether a class should be certified and, if so, whether Plaintiff's counsel are adequate counsel to represent the class.

In his motion, Plaintiff refers to the fact that a different plaintiff, represented by different counsel, has filed another FACTA class action lawsuit against Defendant in the Southern District of New York (*see Lee v. Buth-Na-Bodhaige, Inc.*, Case No. 1:16-cv-01104). To begin with, based on the certificate of service for the motion, Plaintiff has apparently not even notified the New York plaintiff or counsel of this motion. More fundamentally, no motion to transfer or consolidate the two actions before one court has been made, much less granted. Nor can this Court consolidate the two cases, given that they have been filed in two separate Districts in two different states, because Fed. R. Civ. P. 42(a) is "constricted in scope to multiple cases pending in the same district." *Italian Colors Rest. v. Am. Express Co.*, 2003 U.S. Dist. LEXIS 20338, at *19-20 (N.D. Cal. Nov. 7, 2003).

Simply put, Plaintiff's counsel is already counsel for the putative class. Because the *Lee* case has not been consolidated with this case nor transferred to this District, Plaintiff's motion is unwarranted. For example, in *Wang v. OCZ Tech. Grp., Inc.*, 2011 U.S. Dist. LEXIS 69803, at *6-7 (N.D. Cal. June 29, 2011), the court denied plaintiff's motion to appoint interim class counsel as premature and unnecessary where only "a single action and a single legal team" was before it. The *Wang* court explained that "if another case is consolidated with this action, the court may be presented at that time with a motion by plaintiffs' counsel in those actions to replace Wang's counsel as interim lead counsel." *Id.* at *7; *see also Italian Colors Restaurant*, 2003 U.S. Dist. LEXIS 20338, at *20 (denying motion to appoint interim class counsel because "[n]o competition exists among counsel that requires refereeing by the Court, and no class has yet been certified, or even proposed").

Plaintiff does not provide any legal basis for his motion. Indeed, the only case Plaintiff cites in support of the proposed appointment is inapposite because it involved the appointment of

interim class counsel after several cases had been consolidated in one District. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 287-88 (N.D. Ill. 2014) (appointing interim class counsel where different law firms represented the plaintiffs in four class actions filed against State Farm and several other insurance companies in the same District). Given that the New York action has not been consolidated with this case, Rule 23(g)(3) is not applicable and granting interim counsel at this stage is premature. *See, e.g.*, *Gedalia v. Whole Foods Mkt. Servs.*, 2014 U.S. Dist. LEXIS 137427, at *6-7 (S.D. Tex. Sept. 29, 2014) (denying motion to appoint interim counsel where there was "no pending motion for consolidation," multiple law firms had not sought appointment, and the "premature granting of interim counsel designation may prejudice the class") (citing Notes of Advisory Committee on 2003 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 23, suggesting that courts defer appointment to "facilitate[] competing applications" in order to "afford the best possible representation for the class"). Accordingly, Plaintiff's motion should be denied.

Dated: March 7, 2016

Respectfully submitted,

KAYE SCHOLER LLP
*Counsel for Defendant*
Phillips Point, East Tower
777 South Flagler Drive, Suite 1000
West Palm Beach, FL 33401
manuel.kushner@kayescholer.com
david.vitale@kayescholer.com
Florida-service@kayescholer.com
Telephone: (561) 802-3230
Facsimile: (561) 802-3217

/s/ Manuel Kushner
Manuel Kushner
Florida Bar No. 330957
David P. Vitale, Jr.
Florida Bar No. 115179

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic filing on March 7, 2016 to Scott David Owen, Esquire and Patrick Christopher Crotty, Esquire, The Law Office of Scott D. Owens, 3800 S. Ocean Drive, Suite 235 Hollywood, Florida 33019 (scott@scottdowens.com; pccrotty@gmail.com), Bret Leon Lusskin, Jr., Esquire, Bret Lusskin, P.A., 20803 Biscayne Blvd., Suite 302 Aventura, Florida 33180 (blusskin@lusskinlaw.com) and Keith J. Keogh, Keogh Law, LTD, 55 W. Monroe Street, Suite 3390, Chicago, IL 60603 (Keith@keoghlaw.com).

/s/ Manuel Kushner
Manuel Kushner
Florida Bar No. 330957
David P. Vitale, Jr.
Florida Bar No. 115179