**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| SHANE FLAUM, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) ) | **CASE NO. 15-cv-62695-WJZ** |
| v. ) ) | **CLASS ACTION** |
| BUTH NA-BONDAIGE, INC., ) a Delaware corporation, d/b/a ) THE BODY SHOP, ) ) | |
| Defendant. ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
APPOINTMENT AS INTERIM CLASS COUNSEL UNDER RULE 23(g)**

It is undisputed that Plaintiff's counsel meet Federal Rule 23(g)'s criteria for appointing interim class counsel, as there is no dispute that Plaintiff's counsel have the expertise, skill and resources to adequately represent the class here, that Plaintiff's counsel have thoroughly and diligently investigated the case, and that Plaintiff's counsel are leaders in prosecuting class actions under FACTA. Moreover, Defendant does not claim that granting this motion would cause it any prejudice. That should end the matter, and the motion should be granted. *See Gallagher v. Bayer AG*, 2015 U.S. Dist. LEXIS 109807 at *26 (N.D. Cal. Aug. 18, 2015) ("Because plaintiffs have satisfied the Rule 23(g)(1) factors, and because defendants have not argued that they will be prejudiced or any presented any other compelling reason to deny plaintiffs' motion, I GRANT the motion to appoint interim class counsel.")

Nevertheless, Defendant opposes this motion, but not because it claims the motion is prejudicial to its interests; instead, Defendant merely claims the motion is premature and unnecessary— which is incorrect because a competing case seeking to represent essentially the

same class, the *Lee* case, was filed against Defendant in New York after Plaintiff filed this case here. [ECF No. 12 (S.D. Fla. LR 3.8 Notice of Related Case)]. If interim class counsel are not appointed, then in addition to the potential judicial inefficiencies resulting from two different plaintiffs seeking to represent the same class in two cases, there is a real risk of conflicting rulings, which would be detrimental to the class, and a risk that Defendant will try to play *Lee* against this case by offering to settle with the lowest bidder. Regardless the reasons for Defendant's opposition, the fact remains that without appointment of interim counsel, the class is at risk.  As further explained below, this motion should be granted.

I. **Appointing Plaintiff's Counsel Interim Class Counsel Serves the Purposes of Federal Rule 23(g), Which Are to Protect the Class Members.**

   A. **This Motion is Both Timely and Necessary.**

Defendant's only objection is that Plaintiff's motion is premature and unnecessary.  This is incorrect. The presence of a later-filed competing class action creates an immediate and genuine need to appoint interim class counsel for the benefit of the class and the judicial system. First, this is because the later-filed case creates the potential for Defendant to conduct a "reverse auction" to artificially leverage a cheaper settlement, thus hurting class members' claims:

> A 'reverse auction' is a practice whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant …. The ineffectual lawyers are happy to sell out a class they anyway can't do much for in exchange for generous attorneys' fees, and the defendants are happy to pay generous attorneys' fees since all they care about is the bottom line - the sum of the settlement and the attorneys' fees - and not the allocation of money between the two categories of expense.

*Figueroa v. Sharper Image Corp.*, 517 F.Supp.2d 1292, 1306 (S.D. Fla. 2007), *quoting Reynolds v. Benefit Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002). The appointment of interim class counsel avoids this by requiring Defendant to deal with a single set of plaintiff's counsel acting

exclusively on the class's behalf, and by ensuring that those attorneys are sufficiently qualified for the role by enabling the Court to review in advance, as part of this motion, counsel's experience, resources and capabilities. [*See* ECF Nos. 11-1, 11-2 and 11-3 (Declarations of Plaintiffs' Counsel in Support of Motion to Appoint them Interim Class Counsel)]. Significantly, Defendant does not dispute that Plaintiff's counsel are well-qualified to represent the class, and indeed the leading firms in the country in prosecuting class action litigation under FACTA.

Second, there is a genuine need to appoint interim class counsel now to prevent the later-filed *Lee* case from working at cross-purposes to this case. Without interim class counsel, the plaintiff's counsel in *Lee* may feel it necessary to engage in a "race" with this case, prematurely seeking class certification or a merits ruling without adequate research, analysis or discovery, just to try to get "ahead" of this case. *See*, *e.g.*, *Izzio v. Century Partners Golf Mgmt., L.P.*, 2015 U.S. Dist. LEXIS 123182 at *23 (N.D. Tex. Sept. 15, 2015) (denying motion potentially aimed at "attempting to use the rules to secure [movant's] or his counsel's place as the winner in a certification race in competing class actions…"). These premature efforts could lead to adverse rulings (in whole or in part) that hurt or reduce the class member's ability to recover.

Third, the appointment of interim class counsel reduces the burden on the courts. Naturally, if multiple identical class actions are pending, then multiple courts are supervising similar discovery and class proceedings when it should only be necessary for one court to do so. The appointment of interim class counsel minimizes this by ensuring that pre-certification class-related activities are directed by one set of attorneys. Needlessly delaying this appointment just needlessly allows for more duplication. In short, the motion is both timely and necessary.

### B. Defendant Has Not Shown the Motion to Be Unnecessary or Premature.

Putting aside that Plaintiff's counsel plainly satisfy the requirements of Rule 23(g), that granting this motion would cause Defendant no prejudice, and that Defendant's opposition is apparently meant to preserve its ability to conduct an improper reverse auction, Defendant's arguments that this motion is premature and unnecessary do not support that claim.

First, Defendant claims the motion is unnecessary because "no counsel" are currently representing class in this case. (*See* ECF No. 14 at p.1). This actually demonstrates why the appointment of interim counsel is necessary. Again, both this case and the later-filed *Lee* case seek to represent the same proposed class, and thus in the absence of appointed interim class counsel, Defendant may try to play the cases against one another, the plaintiff in *Lee* is incentivized to engage in a race to the courthouse to try to "get ahead" of this case to the class members' potential detriment, and the court system suffers the needless inefficiencies and duplication those efforts create. The appointment of interim class counsel here avoids them.

Second, Defendant claims that the Court can wait until the class certification stage to determine if Plaintiff's counsel are adequate to represent the class. But this just ignores the existence of Rule 23(g)'s provision for appointing interim class counsel *before* the class certification stage is reached, as well as the reasons for doing so discussed above. *See* Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) (appointing interim class counsel may be helpful to "clarify responsibility for protecting the interests of the class during precertification activities…").

Third, Defendant claims that no motion to transfer the *Lee* case to this court has been made, and that this Court lacks the power to consolidate them. However, nothing in Rule 23(g) requires any such thing to appoint interim class counsel and Defendant identifies no reason why

4

it would be necessary to do so. Regardless of where *Lee* is pending and whether it can be moved, the fact remains that it seeks to represent essentially the same class, and thus that interim class counsel should be appointed to protect the class members' interests and the court system for the reasons discussed above.

Finally, the unpublished decisions from other districts that Defendant cites do not prove that this motion is premature or unnecessary. The *Wang* and *Italian Colors* decisions are inapposite because unlike here, in those cases there was no competing class action pending anywhere. *Wang v. OCZ Tech. Group, Inc.*, 2011 U.S. Dist. LEXIS 69803 at *4 (N.D. Cal. June 29, 2011) ("This court has a single action and a single legal team seeking to be appointed interim lead counsel."); *Italian Colors Restaurant v. American Express Co.*, 2003 U.S. Dist. LEXIS 20338 at *20 (N.D. Cal. Nov. 10, 2003) ("appointment of lead counsel is premature before other counsel file cases on behalf of other clients.").[1] Similarly, the *Gedalia* case is inapposite because although it suggested that the absence of multiple consolidated cases pending before a single court was grounds for denying the appointment of interim counsel, it quotes at length from a decision in which – again unlike here – there were no competing cases. *See Gedalia v. Whole Foods Mkt. Servs.*, 2014 U.S. Dist. LEXIS 137427 at *5 (S.D. Tex. Sept. 29, 2014), *quoting Parrish v. Nat'l Football League Players, Inc.*, 2007 U.S. Dist. LEXIS 43732 (N.D. Cal. June 4, 2007) ("Here, there is a single action and a single law firm who has moved to be appointed as interim counsel."). Moreover, *Gedalia* did not address the reverse-auction, race to the courthouse, or judicial economy issues the pendency of multiple competing class actions here presents. In short, Defendant has not and cannot substantiate its claim that this motion is premature or unnecessary. It should be granted.

---

[1] In fact, the *American Colors* decision is particularly inapposite because it did not even involve Rule 23(g), let alone deny a motion made under that rule.

**Conclusion**

Defendant does not dispute that Plaintiff's counsel meet the actual requirements for appointment as interim class counsel under Federal Rule 23(g). The motion is timely and necessary to prevent a reverse auction, a "race" to the courthouse detrimental to the class members' interests, and to avoid judicial waste. Defendant has not and cannot show otherwise. And Defendant does not identify any prejudice to itself if this motion is granted. Accordingly, Plaintiff respectfully requests that the Court appoint Bret Lusskin, Scott D. Owens and Keith J. Keogh to serve as Interim Co-Lead Class Counsel, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

Dated: March 17, 2016                                  Respectfully submitted,

                                                                 s/ Scott D. Owens
                                                           One of Plaintiff's Attorneys

Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

Bret L. Lusskin, Jr.
Bret Lusskin, P.A.
20803 Biscayne Blvd., Ste. 302
Aventura, FL 33180
Tel: 954-454-5841
Fax: 954-454-5844
blusskin@lusskinlaw.com

Keith J. Keogh (pending *pro hac vice* admission)
Keogh Law, Ltd.
55 W. Monroe Street, Ste. 3390
Chicago, IL 60603
Tel: 312−726−1092

Fax: 312-726-1093
keith@keoghlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 17, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. Mail and/or some other authorized manner for those counsel or parties below, if any, who are not authorized to received electronically Notices of Filing.

By: s/ Scott D. Owens
Scott D. Owens, Esq.