**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

SHANE FLAUM, individually, )
and on behalf of others similarly situated, )
) **CASE NO. 15-cv-62695-WJZ**
Plaintiff, )
)
v. )
)
BUTH NA-BODHAIGE, INC., )
a Delaware corporation, d/b/a )
THE BODY SHOP, )
)
Defendant.

**MOTION FOR CLASS CERTIFICATION**

Plaintiff, Shane Flaum, through counsel, hereby submits this motion and memorandum of law in support of class certification. For the reasons stated herein, Plaintiff respectfully requests this Court to enter an Order certifying this case to proceed as a class action.

**I. Introduction.**

This is a textbook case for class treatment. Judge Cohn recently certified a materially identical case for class treatment in *Legg v. Spirit Airlines, Inc.*, 14-cv-61798, Dkt. 64 (S.D. Fla. 2015), attached as Exhibit A. The proposed class has thousands of people with the same small claim for statutory damages, each person's claim raises the same material issues, the case covers a manageable two-year time period, and there is no difficulty identifying the class members because the transaction details and card-issuing bank information was recorded for each transaction with Defendant, and the card-issuing banks have the class members' names and addresses.

This case arose because Defendant Buth Na-Bodhaige, Inc. ("Body Shop") repeatedly committed the same violation of the same anti-identity theft provision of the Fair and Accurate Credit Transactions Act ("FACTA"). Specifically, Body Shop allowed its computerized credit card processing equipment to print credit and debit card transaction receipts revealing more than five digits of cardholders' debit and credit card numbers.

Plaintiff is one such cardholder. On at least one occasion, while shopping at a Body Shop retail store, he was presented with an electronically printed receipt that revealed more than the last five digits of his credit card number.

Body Shop's violation of FACTA is a widespread, coast-to-coast practice.[1] During some or all of the two-year time period prior to the filing of this action, Body Shop stores throughout the U.S. printed transaction receipts that revealed more than the last five digits of possibly tens of thousands of cardholders' debit and credit card numbers.

This practice clearly violates FACTA's unambiguous requirements. FACTA expressly bars any merchant from printing debit or credit card transaction receipts that reveal the card expiration date or more than the last five digits of the card number. 15 U.S.C. §1681c(g). Yet, Body Shop engaged in this practice despite being aware of FACTA's requirements. In addition to extensive publicity about FACTA during the years before and after the law went into effect, in 2007 Body Shop was sued twice—first, in the

[1] As evidenced by two other competing law suits filed shortly after this action; the first, *Lee v. Buth Na-Bodhaige, Inc.*, filed in the Southern District of New York on February 16, 2016; the other, *Taylor v. Buth Na-Bodhaige, Inc.*, filed in the Central District of California on April 1, 2016. The proposed *Flaum* class subsumes both of the later-filed proposed classes.

Northern District of California, and later in the Eastern District of Pennsylvania—for violating the very same FACTA provision at issue here.

Accordingly, Plaintiff brought this lawsuit to stop Body Shop's current FACTA violations, deter future violations, and enforce Plaintiff's and the proposed class members' substantive FACTA rights. To that end, Plaintiff seeks an order from the Court certifying the proposed class of individuals for whom, like Plaintiff, Body Shop printed a debit or credit card receipt that reveals more than the last five digits of the individual's card number. The class easily meets the requirements for class certification set by Federal Rule of Civil Procedure 23. This motion should be granted.

## II. The Law and Facts at Issue.

### A. FACTA's "Truncation" Requirement.

FACTA was passed by Congress and signed into law by President George W. Bush in 2003. (ECF No. 1, ¶10). One of FACTA's primary purposes is to reduce identity theft. *Redman v. Radioshack Corp.*, 768 F.3d 622, 639 (7th Cir. 2014) ("identity theft is a serious problem, and FACTA is a serious congressional effort to combat it.") Another primary purpose is the protection of the privacy of cardholders' account information. *Creative Hospitality Ventures v. U.S. Liab. Ins. Co.*, 655 F.Supp.2d 1316, 1333-34 (S.D. Fla. 2009), *rev'd in part on other grounds*, 444 Fed. App'x 370 (11th Cir. 2011). The importance of FACTA's privacy protection provisions are highlighted by recent studies that suggest that "when consumers pay for purchases today… **42 percent use debit cards and 38 percent use credit cards**, while only 17 percent use cash and 3 percent use

checks"(emphasis added).[2] *See also* Exhibit B. Furthermore, as indicated by the 2013 Federal Reserve Payments Study, non-cash payments are on the rise as "payments have become increasingly card-based -- with the number of debit card payments rising more than any other payment system between 2009 and 2012".[3]

To accomplish these goals, FACTA requires merchants to redact certain information an identity thief might use from all debit and credit card transaction receipts; in particular, the card expiration date and most of the account number. *Redman*, 768 F.3d at 626 ("the less information the receipt contains the less likely is an identity thief who happens to come upon the receipt to be able to figure out the cardholder's full account information.") Specifically, FACTA states that:

> (g) Truncation of credit card and debit card numbers
>
> (1) In general. Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. §1681c(g)(1). This provision is commonly known as the "truncation requirement."

Given the simplicity of this requirement, as well as the inherent commonality of claims that arise when a merchant violates it on a systematic basis (like here), and the relatively small potential damages available to each class member, FACTA truncation cases are commonly certified for class treatment. *See*, *e.g.*, *Bush v. Calloway Consol.*

---

[2] "Credit Cards are the Preferred Payment Method: Survey", http://nypost.com/2015/07/12/credit-cards-are-the-preferred-payment-method-survey/ (Last accessed: October 14, 2016).

[3] "Are Cash Transactions Becoming Extinct?" http://www.cbsnews.com/news/are-cash-transactions-becoming-extinct/ (Last Accessed: October 14, 2016).

*Group River City, Inc.*, No. 10-cv-841, 2012 U.S. Dist. LEXIS 40450 at *33 (M.D. Fla. Mar. 26, 2012) ("Courts routinely find class resolution superior in consumer protection actions, including those brought pursuant to FACTA."); *In re Toys "R" Us – Delaware, Inc. – Fair and Accurate Credit Trans. Act (FACTA) Litig.*, 300 F.R.D. 347, 376 (C.D. Cal. 2013) ("The vast majority of courts outside this district have similarly found that common questions predominate in FACTA class actions.")[4]

**B. The Truncation Requirement Is Well-Established.**

The Body Shop has known about and had years to comply with the truncation requirement. Although FACTA was enacted in 2003, merchants were not obligated to comply with the truncation requirement before December 4, 2006. 15 U.S.C. §1681c(g)(3).

What's more, the truncation requirement was highly-publicized before its effective date. For example, on March 6, 2003, the CEO of Visa USA announced:

> an additional measure to combat identity theft and protect consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether…. The first phase of this new policy goes into effect July 1, 2003 for all new terminals….

(ECF No. 1, ¶14), *quoting PR Newswire*, "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at

---

[4] Examples of the numerous other decisions ruling that class certification is proper in FACTA truncation cases include *Velasco v. Sogro, Inc.*, No. 08 C 244, 2014 U.S. Dist. LEXIS 104047 at *11-*12 (E.D. Wisc. July 30, 2014); *Rogers v. Khatra Petro, Inc.*, 08-cv-294, 2010 U.S. Dist. LEXIS 103599 at *2 (N.D. Ind. Sept. 29, 2010); *Miller-Huggins v. Mario's Butcher Shop, Inc.*, No. 09-3774, 2010 U.S. Dist. LEXIS 16493 at *14 (N.D. Ill. Feb. 22, 2010); *Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, 259 F.R.D. 151, 161 (N.D. Ill. 2009); *Harris v. Best Buy Co., Inc.*, 254 F.R.D. 82, 90 (N.D. Ill. 2008); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290, 293 (N.D. Ill. 2008); *Meehan v. Buffalo Wild Wings, Inc.*, 249 F.R.D. 284, 288 (N.D. Ill. 2008); and *Matthews v. United Retail, Inc.*, 248 F.R.D. 210, 217 (N.D. Ill. 2008).

Press Conference With Sen. Dianne Feinstein" (March 6, 2003)). Likewise, within 24 hours after the VISA announcement, MasterCard and American Express announced they were imposing similar requirements.

Thereafter, VISA, Mastercard and American Express began to contractually require merchants to comply with the truncation requirement. (*Id.*, ¶15) For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p.62), which is distributed to and binding upon all merchants that accept VISA cards, expressly provides that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." *Id*.

The truncation requirement made news again in 2008 after numerous merchants were sued for violating the "expiration date" element of the truncation requirement. *See Bateman v. Am. Multi-Cinema*, 623 F.3d 708, 717 (9th Cir. 2010). Congress addressed this situation by passing a "Clarification Act" to absolve violations that had occurred *before* June 3, 2008. *Id.* Importantly, however, the Clarification Act did *not* eliminate or otherwise absolve any violation of the truncation requirement going forward.

Card processing companies continued to alert merchants about FACTA's truncation requirements. For example, a Visa Best Practice Alert in 2010 stated:

> Some countries already have laws mandating PAN truncation …. on cardholder receipts. For example, the United States Fair and Accurate Credit Transactions Act (FACTA) of 2006 prohibits merchants from printing more than the last five digits of the PAN …. on any cardholder receipt. (Please visit http://www.ftc.gov/ os/statutes/fcrajump.shtm for more information on the FACTA.)

(ECF#1-3). Likewise, Mastercard warned merchants that:

> a Transaction receipt generated for a Cardholder by an electronic POI Terminal, whether attended or unattended, must reflect only the last four digits of the primary account number (PAN). All preceding digits of the

> PAN must be replaced with fill characters, such as "X," "*," or "#," that are neither blank spaces nor numeric characters.

(ECF#1-5).

Finally, to incentivize merchants to learn about and comply with FACTA, and encourage private litigants to enforce it, Congress gave the law teeth. Specifically, Congress incorporated FACTA into the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq*. ("FCRA"), which entitles a successful plaintiff to statutory damages, punitive damages, costs and attorneys' fees for any "willful" conduct that violates the law. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306-1307 (11th Cir. 2009), *citing* 15 U.S.C. §1681n(a)(1)(A), and (2). This includes knowing or reckless conduct, such as when a defendant violates the statute despite being aware of its requirements. *See Harris*, 564 F.3d at 1310, *citing Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 59-60, 127 S.Ct. 2201, 2210 (2007) (an FCRA violation is "willful" if it is knowing or reckless); *see also Steinberg v. Stitch & Craft, Inc.*, No. 09-60660, 2009 U.S. Dist. LEXIS 72908, *9 (S.D. Fla. Aug. 18, 2009) (a complaint states claim for willful violation under FACTA if the defendant violated statute despite knowing its requirements).

### C. Body Shop Was Specifically Made Aware of FACTA's Truncation Requirement Because It Was Previously Sued for Violating It.

In addition to the years of widespread publicity about FACTA's requirements, Body Shop was made acutely aware of the truncation requirement in 2007 when it was twice sued for violating it. In *Hile v. The Body Shop International PLC and The Body Shop, Inc.,* Case No. 07-cv-0791-JSW (N.D. Cal. Filed: Feb. 7, 2007)[5], Body Shop was charged with violating §1681c(g)'s prohibition against printing card expiration dates on

[5] The *Hile* lawsuit was later amended on April 20, 2007 to name Buth Na-Bodhaige, Inc. as the proper defendant.

transaction receipts by "continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit cardholders transacting business with Defendants." (ECF No. 1-6, ¶ 3). In *Korman v. The Body Shop, Inc.*, Case No. 07-cv-01928 (E.D. Pa. Filed: May 11, 2007)[6], Body Shop was again charged with violating §1681c(g)'s prohibition against printing card expiration dates on transaction receipts, alleging that, "Despite the simple steps necessary to comply, and despite abundant notice, Defendant has simply chosen to ignore complying with the [statute]." (ECF No. 1-7, ¶ 1).

**D. Body Shop Subjected Plaintiff and the Proposed Class to a Pattern of Identical Violations of FACTA's Truncation Requirement.**

Despite its awareness of FACTA, Body Shop engaged in a pattern of violating the law again when it allowed its stores to start printing debit and credit card transaction receipts that listed more than the last five digits of the purchaser's card number. This practice continued for some or all of that period of time beginning two years prior to the filling of this action. During this period, Body Shop stores throughout the United States are believed to have printed tens of thousands of transaction receipts that revealed more than the last five digits of debit and credit card numbers.

Plaintiff is a member of this group. He made a credit card purchase at the Body Shop location at the Sawgrass Mills Mall located in Sunrise, Florida, on or about December 24, 2015, at which time he was presented with an electronically printed transaction receipt that revealed more than the last five digits of his credit card. Accordingly, Plaintiff seeks certification of the following class:

---

[6] The *Korman* lawsuit was later amended on April 20, 2007 to name Buth Na-Bodhaige, Inc. as the proper defendant.

> ***(i) All persons in the United States (ii) who, when making payment pursuant to a purchase made at a The Body Shop store (iii) made such payment using a credit or debit card (iv) and were provided with a point of sale receipt (v) which displayed more than the last five digits of the credit or debit card account number (vi) within the two (2) years prior to the filing of the complaint.***

Identification of the class members is simple because membership is based on objective criteria (electronically-recorded card transaction data), and because the banks that issued the cards have the name and address of each cardholder at issue. *See generally Legg*, 14-cv-61798, Dkt. 64 at p. 4. In addition, as explained below, the straightforward elements of this case easily meet the requirements for class certification under Federal Rule of Civil Procedure 23. Accordingly, the class should be certified.

**III. The Class Meets All of the Requirements for Class Certification.**

Class certification is a matter within the Court's discretion. *DeLeon-Granados v. Eller & Sons Trees, Inc.*, 497 F.3d 1214, 1218 (11th Cir. 2007). The class should be certified if it meets the four requirements of Rule 23(a), and at least one subsection of Rule 23(b). *See* Fed. R. Civ. P. 23; *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1321-22 (11th Cir. 2008). The four requirements of Rule 23(a) are: (i) the class is so numerous that joinder of all members would be impracticable (numerosity); (ii) the class members' claims present common questions of law <u>or</u> fact (commonality); (iii) Plaintiff's claim is typical of the class members' claims (typicality); and, (iv) Plaintiff and his counsel are adequate representatives of the class (adequacy). *See* Fed. R. Civ. P. 23(a); *DeLeon-Granados*, 497 F.3d at 1220.

The part of Rule 23(b) at issue here is subsection (3). It requires: (i) that the common questions of law or fact "predominate" over any questions that affect only individual class members, and (ii) that a class action is a superior method for fairly and

efficiently adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3); *DeLeon-Granados*, 497 F.3d at 1220. Plaintiff's proposed class meets all of these requirements.[7]

**A. The Class Meets the Numerosity Requirement – Rule 23(a)(1).**

The test for numerosity is that "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). There is no "definite standard" for satisfying this requirement in terms of how large the class must be, and it is not necessary to know the actual class size. *Fabricant v. Sears Roebuck, et al.*, 202 F.R.D. 310, 313 (S.D. Fla. 2001) ("There is no definite standard as to the size of a given class, and plaintiff's estimate need only be reasonable."), *citing Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986); *see generally Legg*, 14-cv-61798, Dkt. 64 at p. 5.

However, a class of forty members is generally deemed adequate. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). "[W]here the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 3 Newberg on Class Actions § 7.22 (4th ed. 2002).

Plaintiff's proposed class easily clears this low hurdle. The Body Shop has 138 stores in the United States.[8] These stores account for over €178 million in revenue ($ 195.5 million[9]).[10] Body Shop admits to violating FACTA's truncation requirement

---

[7] The class certification decision is generally made apart from deciding the merits. "[A] court should not determine the merits of a claim at the class certification stage." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1358 (11th Cir. 2009). Instead, courts should only consider the merits "to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Id.*, *quoting Heffner v. BSBC of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006).

[8] https://www.thebodyshop.com/store-finder (accessed Oct. 7, 2016)

[9] http://www.currencyconverterrate.com/eur/178-eur-to-usd.html (Last Accessed Oct, 14, 2016).

throughout the United States for at least the sixteen (16) months leading up to the filing of this complaint (Exhibit C; p. 37 - *Defendant's Response to Plaintiff's First Set of Written Discovery Requests*). Clearly, during that timeframe, Body Shop's computerized card processing equipment printed tens of thousands of receipts.[11] The fact that there are at least three (3) FACTA actions currently pending against Body Shop— one in Florida, one in New York, and one in California— further highlight the size and breadth of the proposed class.[12]

**B. The Class Meets the Commonality Requirement – Rule 23(a)(2).**

The test for commonality is whether the class claims present "questions of law *or* fact common to the class." Fed. R. Civ. P. 23(a)(2) (emphasis added). This is another "low hurdle." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356 (11th Cir. 2009). To clear it, Plaintiff need only show that the class claims present "at least one issue whose resolution will affect all or a significant number the putative class members," or that their claims "are susceptible to class-wide proof." *Williams*, 568 F.3d at 1355, *quoting Murray*

[10] http://www.loreal-finance.com/eng/brands/the-body-shop (accessed Oct. 7, 2016).

[11] The precise number of violative receipts exists within the Defendant's possession, custody, or control but it refuses to produce class data because "it feels its vendor is at fault." Accordingly, Defendant's refusal to produce said data is the subject of a pending motion to compel (ECF No. 26), which was filed on May 13, 2016 and has been fully briefed since June 2, 2016 (ECF No. 41). Assuming the motion is granted, Plaintiff will, at that time, be able to provide the Court with exact numbers.

[12] The volume of Body Shop's United States sales and the admitted scope and duration of the FACTA violations conclusively demonstrate numerosity. A court may examine statistical data (as presented here) and then draw reasonable inferences from the facts in determining whether the numerosity requirement has been met. *Pottinger v. City of Miami*, 720 F. Supp. 955, 958 (S.D. Fla. 1989) (quoting *Lewis v. Gross*, 663 F.Supp. 1164, 1169 (E.D.N.Y.1986)). If the court can, as here, draw reasonable inferences from the facts before it as the approximate size of the class and the infeasibility of joinder, the numerosity requirement is satisfied. *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir.1983).

*v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) and *Stewart v. Winter*, 669 F.2d 328, 335 (5th Cir. 1982).

That is the case here. The class claims present at least two issues affecting all class members: (a) whether the credit and debit card receipts printed at the various Body Shop locations violate FACTA's truncation requirement, and (b) whether Body Shop acted willfully, so that the class members may recover statutory and punitive damages. *See* 15 U.S.C. 1681c(g) and 1681n.

These issues are also susceptible to class-wide proof. For example, as evidenced by the wide geographic scope of its violative activity, the evidence showing how Body Shop's computerized credit card processing equipment was programmed will show that Body Shop systematically printed debit and credit card transaction receipts that showed more than the last five digits of the card number for all class members, and the common evidence establishing Body Shop's awareness of FACTA and the truncation requirement, such as the *Hile* and *Korman* lawsuits filed against it in 2007, will go to establish that Body Shop's actions were willful. Accordingly, the class meets the commonality requirement. *See generally Legg*, 14-cv-61798, Dkt. 64 at p. 6; *see also Bush*, 2012 U.S. Dist. LEXIS 40450 at *21 ("courts considering whether to certify a FACTA class action on facts similar to those presented here have routinely found commonality.")

**C. Plaintiff's Claims Are Typical of the Class Members' Claims – Rule 23(a)(3).**

The typicality element of Rule 23 simply requires that Plaintiff's and the class members' claims "arise from the same event or pattern or practice and are based on the same legal theory." *Williams*, 568 F.3d at 1356-57, *quoting Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984); *see also Ault v. Walt Disney World*

*Co.*, 692 F.3d 1212, 1216-17 (11th Cir. 2012). That is the case here because Plaintiff and the class were subjected to the same conduct, and their claims present the same legal theory. Again, for Plaintiff and each class member, Body Shop's computerized credit card processing equipment printed a debit or credit card transaction receipt that revealed more than the last five digits of the card number, and their shared legal theory is that these receipts violate FACTA's truncation requirement, 15 U.S.C. §1681c(g), and thus that they are entitled to relief. "On this basis alone courts have found typicality exists." *Bush*, 2012 U.S. Dist. LEXIS 40450 at *25, *citing Shurland*, 259 F.R.D. at 159; *Legg,* 14-cv-61798*,* Dkt. 64 at p. 7. Accordingly, Plaintiff meets the typicality requirement.

**D. Plaintiff and His Counsel Meet the Adequacy Requirement – Rule 23(a)(4).**

The adequacy element of Rule 23(a)(4) requires that Plaintiff and his counsel be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This means Plaintiff must have "no interests antagonistic to the class," and his counsel must be qualified to represent the class. *Fabricant*, 202 F.R.D. at 314-15, *citing Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726-28 (11th Cir. 1987).

Plaintiff meets this test because his interests are squarely aligned with the class. Like the class members, he claims Body Shop violated his rights under FACTA by printing a card transaction receipt that reveals more than the last five digits of the card number, that Body Shop acted willfully, and thus that Body Shop is liable for statutory damages, punitive damages, costs and attorneys' fees. In addition, he has no interests antagonistic to the class.

Plaintiff's counsel are also adequate. *See* Composite Exhibit D. They have already been appointed class counsel in three prior class actions in this District asserting the same

claims at issue here. *Legg,* 14-cv-61798, Dkt. 64 at p. 8. They are well-respected members of the legal community who have extensive experience in the area of consumer rights and class action litigation. They have litigated multiple cases nationally (in several federal district courts), and have the resources necessary to conduct litigation of this nature. Plaintiff's counsel have already diligently investigated and dedicated substantial time and financial resources to the investigation and prosecution of the claims at issue, and will continue to do so. This is more than sufficient. *See*, *e.g.*, *Fabricant*, 202 F.R.D. at 315 (plaintiff's counsel adequate because they "are experienced in class action litigation.") Accordingly, Plaintiff and his counsel meet the adequacy requirement.

**E. The Class Meets the Requirements of Rule 23(b)(3).**

Once the elements of Rule 23(a) are met, the class only needs to satisfy one of the three subsections of Rule 23(b). *Busby*, 513 F.3d at 1321. Here, the class should be certified under subsection (b)(3), which provides that a class action may be maintained where "the questions of law or fact common to class members predominate over any questions affecting only individual members," and if "a class is superior to other available methods for fairly and efficiently adjudicating the controversy." *Williams*, 568 F.3d at 1357, *quoting* Fed. R. Civ. P. 23(b)(3). As shown below, this case easily meets both requirements.

***Common Question of Law or Fact Predominate.***

Common issues of law or fact predominate "if they 'ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to …. relief." *Williams*, 568 F.3d at 1357, *quoting Klay v. Humana, Inc.*, 382 F.3d 1241,

1255 (11th Cir. 2004).[13] That is the case here because the common questions that this case presents, which are listed in the discussion of Rule 23(a)(2)'s "commonality" element on page 12 above, directly affect the class members' ability to establish liability and obtain relief.

Specifically, the issue of whether Body Shop violated FACTA by routinely printing debit and credit card receipts that reveal more than the last five digits of the card numbers directly impacts each class member's ability to establish liability because a "yes" to that question resolves the liability issue. *See* 15 U.S.C. §1681c(g); *see Legg*, 14-cv-61798, Dkt. 64 at p. 10; *see also Rogers*, 2010 U.S. Dist. LEXIS 103599 at *8 ("one common legal issue predominates in this case — whether the receipts printed by Defendant violate 15 U.S.C. §1681c(g).")

Likewise, the question of whether Body Shop acted willfully directly impacts each class members' right to relief because the complaint only seeks statutory and punitive damages, and that relief is only available if Body Shop acted willfully. 15 U.S.C. §1681n; *see also Bush*, 2012 U.S. Dist. LEXIS 40450 at *33 ("whether Calloway's noncompliance with FACTA was 'willful' applies to all class members' claims."), *citing Shurland*, 259 F.R.D. at 159.

By contrast, this case does not raise any significant individual issues among the class members, let alone any so material that they could predominate over the common

---

[13] Note, Rule 23(b)(3) does not require all issues presented in the case to be common among the class. It only requires that the common issues to predominate over any individual issues. *Klay*, 382 F.3d at 1254 ("it is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions."), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).

questions.[14] Thus, as is typical in FACTA cases generally, this case easily meets the predominance requirement. *See In re Toys "R" Us – Delaware, Inc. – Fair and Accurate Credit Trans. Act (FACTA) Litig.*, 300 F.R.D. at 376 ("The vast majority of courts outside this district have similarly found that common questions predominate in FACTA class actions.")

***A Class Action Is a Superior Method of Resolving This Matter.***

"Courts routinely find class resolution superior in consumer protection actions, including those brought pursuant to FACTA." *Bush*, 2012 U.S. Dist. LEXIS 40450 at *33, *citing*, *inter alia*, *Matthews*, 248 F.R.D. at 216 ("FACTA claims are especially well-suited to resolution in a class action….") This case should be no different.

A class action is superior to individual actions here because it promotes efficiency and judicial economy. Resolving the common questions presented by the class members' FACTA claims in one lawsuit requires far fewer judicial resources than requiring potentially thousands of individual lawsuits to repeatedly decide the same questions over and over. *See Legg.*, 14-cv-61798, Dkt. 64 at p. 12; *see also Williams*, 568 F.3d at 1358 ("If a district court determines that issues common to all class members predominate over individual issues, then a class action will likely be more manageable than and superior to individual actions.")

---

[14] Some defendants have argued that FACTA cases present individual questions about whether the class members used a "business" credit card in the transactions giving rise to their claims. This is a non-issue because FACTA does not ask if a business owns the card used. *Shurland*, 259 F.R.D. at 160 ("FACTA's protections thus extend to holders of both business and consumer credit cards.") In any event, it is doubtful any significant portion of the class used a business-owned credit card here because Body Shop's business model focuse[s] on various personal care products for both men and women. http://www.thebodyshop-usa.com/. Accordingly, this alleged issue cannot defeat class certification. *See In re Toys "R" Us – Delaware, Inc. – Fair and Accurate Credit Trans. Act (FACTA) Litig.*, 300 F.R.D. at 377.

A class action also superior here because it promotes justice and fairness. It ensures that consumer class members who don't know they have a claim, or who lack ability or wherewithal to bring their own lawsuit, can vindicate their rights. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) ("These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate….")

By contrast, there is no legitimate benefit to requiring class members to file their own lawsuits. In fact, "[s]eparate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts." *In re Checking Account Overdraft Litig.*, 286 F.R.D. 645, 659 (S.D. Fla. 2012), *quoting Kennedy v. Tallant*, 710 F.2d 711, 718 (11th Cir. 1983).

Likewise, requiring individual class members to file their own suits would deter some from enforcing their rights because recoverable statutory damages are only $100-$1000 per person (15 U.S.C. §1681n(a)(1)), which may not provide a sufficient incentive to locate counsel and endure "all the burdens of suing." *See Mace*, 109 F.3d at 344; *see also Holmes v. Continental Can Co.*, 706 F.2d 1144, 1154 (11th Cir. 1983) ("the individual might be unable to obtain counsel to prosecute his action when the amount of individual damages is relatively small.") (citation omitted). A class action avoids this problem by aggregating what would otherwise be a series of "too small" potential individual recoveries. *See In re Checking Acct. Overdraft Litig.*, 286 F.R.D. at 659 ("The class action fills an essential role when the plaintiffs would not have the incentive or resources to prosecute relatively small claims in individual suits, leaving the defendant

free from legal accountability.") In short, this case also satisfies the superiority requirement.

Furthermore, because this case meets all of the other requirements of Federal Rule 23, as shown above, the class should be certified.

## IV. Conclusion

FACTA cases are generally well-suited for class action treatment, and this case is no exception. It will resolve thousands of nearly identical small claims in one fell swoop. The class easily satisfies all of the requirements for class certification under Federal Rule 23. Accordingly, Plaintiff Shane Flaum, individually and on behalf of the proposed class, respectfully requests that the Court certify the class and award all other and further relief that the Court deems equitable and just to conclude this matter.[15]

DATED: October 17, 2016

Respectfully submitted,

s/ Scott D. Owens
Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

---

15 Plaintiff respectfully reserves the right to amend the putative class definition prior to the conclusion of this matter, subject to Court approval. Class definitions may be amended or altered at any time before final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C); *see also*, *e.g.*, *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674, 695 (S.D. Fla. 2013) (modifying class definition per Plaintiff's suggestion).

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel of parties, if any, who are not authorized to receive electronically Notice of Electronic Filing.

By: s/ Scott D. Owens
Scott D. Owens, Esq.