**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

SHANE FLAUM, individually,                          )
and on behalf of others similarly situated,         )
                                                    )     **CASE NO. 15-cv-62695-WJZ**
          Plaintiff,                                )
                                                    )
v.                                                  )
                                                    )
BUTH NA-BODHAIGE, INC.,                             )
a Delaware corporation, d/b/a                       )
THE BODY SHOP,                                      )
                                                    )
          Defendant.                                )

**PLAINTIFF'S REPLY MEMORANDUM**
**IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Defendant repeatedly committed the same FACTA violation in the exactly same way as to Plaintiff and each class member. Defendant tries to portray itself as a "good actor," but it had no compliance system for FACTA, it never bothered to check the receipts to see if FACTA was being violated and apparently will continue its indifference to FACTA until it faces a certified class as evidenced by the fact it was twice sued for FACTA but provided no class relief and did nothing to protect future customers. (ECF 44, pp.7-8) ("Motion").

██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████ Defendant also claims the class is not ascertainable, but it ignores the class definition by creating elements not in the definition, and by attacking these non-elements with unsupported hypotheticals. As shown in Plaintiff's opening brief (*Id.*, p.9), the class definition is based on objective criteria, which is all the law requires. Although not required, the class is also identifiable with Defendant's and the issuing banks' records. Therefore, Plaintiff will identity the class who meet the criteria as his counsel have done in other cases in this district.

Accordingly, as further explained below, this case should join the numerous other FACTA cases that have been class certified. (*Id.*, pp.4-5 and fn.4, collecting cases including *Bush v. Calloway Consol. Grp. River City, Inc.*, 2012 U.S. Dist. LEXIS 40450, at *33 (M.D. Fla. Mar. 26, 2012) ("Courts routinely find class resolution superior in consumer protection actions, including those brought pursuant to FACTA."))

## I.      The Actual Class Definition is Based on Objective Criteria

The implied "ascertainability" element for certification simply requires that the class be defined based on objective criteria. *See In re Checking Account Overdraft Litig.*, 286 F.R.D. 645, 651 (S.D. Fla. 2012). Plaintiff's class definition meets this test (Motion, pp.8-9). That should end the inquiry. *In re Checking Account Overdraft Litig.* at 651 ("because class membership is defined by objective criteria, the Court finds that the defined class is readily ascertainable."); *see also, e.g.*, *Bush*, 2012 U.S. Dist. LEXIS 40450 at *18 (class ascertainable in a FACTA case).

Indeed, not only is the class ascertainable, but the members will be easily ascertained. As shown in Defendant's response, since April 2014, all of Defendant's POS systems automatically printed a receipt displaying more than the last 5 digits of the card account number in all card transactions. (ECF 50, p.5). Thus, as is common in FACTA cases, there is no ascertainability issue. *See In re Toys "R" Us – Delaware, Inc. – Fair and Accurate Credit Trans. Act (FACTA) Litig.*,

1

300 F.R.D. 347, 366 (C.D. Cal 2013) ("other courts addressing motion to certify FACTA classes have generally found that such classes are ascertainable.")

Defendant ignores the class definition to argue that it is impossible to ascertain which persons meet criteria that are not part of the class definition. For example, it claims it is impossible to determine if a person made a business or personal purchase, or declined the receipt, and/or suffered actual damages. None of these criteria are part of the class definition, and thus none are relevant to class membership. *See*, *e.g.*, *Mahon Chi Title Ins. Co.*, 296 F.R.D. 63, 76 (D. Conn. 2013) ("The court finds the defendant's arguments unpersuasive because they are premised on a misreading of the plaintiff's theory of the case, substituting for the plaintiff's theory of liability with one formulated by the defendant."). Thus, Defendant does not refute Plaintiff's showing that the class is ascertainable.

## II.     This Case Meets Rule 23(b)(3)'s Predominance Requirement

The predominance test is whether the common questions raised have a direct impact on each class members' ability to recover. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009). It is undisputed that in this case each class members' claim present at least two common questions: (1) whether Defendant violated FACTA's requirements by printing a receipt that reveals more than the last five digits of a debit or credit card account number, and (2) whether the violation was willful. It is also undisputed that these common questions have a direct impact on each class members' claim because their resolution determines whether each member can establish liability and a right to statutory damages. Thus, as is typical in FACTA cases, common questions predominate.

Defendant cites *Evans v. U-Haul Co.*, but this non-binding, incorrectly-decided case is an outlier in its own district. 2007 U.S. Dist. LEXIS 82026 (C.D. Cal. Aug. 14, 2007). *See In re Toys "R" Us – Delaware, Inc. – Fair and Accurate Credit Trans. Act (FACTA) Litig.*, 300 F.R.D. 347, 376 (C.D Cal 2013) ("Other courts in this district, however, have reached the opposite conclusion" of *Evans*, and "[T]he vast majority of courts outside this district have similarly found that common questions predominate in FACTA class actions.")[1]

---

[1] The additional cases Defendant cites are distinguishable and like in *Evans*, were not followed by other courts within their own district. *See e.g.*, *Gist v. Pilot Travel Ctrs*., *LLC*, 2013 U.S. Dist. LEXIS 113185, at *19-20 (E.D. Ky. Aug. 12, 2013 (individual issues because the technology varied between locations and timeframe and causes varied). By contrast, here Defendant admits its stores used the same payment software for the entire class period. (ECF 50, p.5). *See also*, *In*

Defendant cannot distinguish this case from *Legg v. Spirit Airlines*, 315 F.R.D. 383, 389 (S.D. Fla. 2015) (common issues predominate, including: common computer programming error across all devices, and error was allegedly a third party's fault).

**A.  The Business/Personal Distinction is Both a Non-Issue and Cannot Predominate**

Defendant claims some customers made purchases for business purposes, and that the alleged need to identify them presents an individual issue. This is a non-issue. FACTA does not distinguish between personal and business cards. Instead, FACTA requires truncation of "any receipt." 15 U.S.C. §1681c(g)(1). *See Grabein v. Jupiterimages Corp.*, 2008 U.S. Dist. LEXIS 65828, at *8 (S.D. Fla. July 7, 2008) ("FACTA applies to both business and consumer debit cards").

Further, even if the business/personal purpose distinction was an issue, its mere presence cannot defeat certification.[2] Rule 23 only requires common issues to predominate over individual issues, not a complete absence of individual issues. *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004) ("it is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions."), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). That is the case here because it is undisputed that the common liability questions have a "direct impact" on each class member's claim. By contrast, the alleged need to determine which members used a business card only impacts the person who used such cards, and this can be done by subpoenaing card companies. *See, e.g.*, *Legg*, 315 F.R.D. at 391 (rejecting argument that putative business purpose issue precluded certification); *Vasquez-Torres v. Stubhub, Inc.*, 2008 U.S. Dist. LEXIS 22503, at *16 (C.D. Cal. Mar. 4, 2008) ("Defendants can easily determine whether the card was used in the name of an individual or corporation."); *Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, 259 F.R.D. 151, 61 (N.D. Ill. 2009) ("isolating 'consumer' cardholders from entity cardholders is

---

*Seig v. Yard House*, 2007 U.S. Dist. LEXIS 97209 (C.D. Cal. Dec. 10 2007) (certification denied because plaintiff did not file a timely class motion per the court's local rule); and *Najarian v. Avis Rent a Car Sys.*, 2007 U.S. Dist. LEXIS 59932, at *9 (C.D. Cal. June 11, 2007) (proposed class encompassed several different classes of customers and only one was entitled to recover damages).

[2] Defendant's argument is also factually unsupported because it only presents the affidavit of an employee who claims, in an unspecified time period and location, she observed customers purchasing products for businesses. (ECF 50, p.11 n.7). In any event, Defendant has demonstrated that these transactions can be identified and excluded if it's even an issue.

unlikely to prove insurmountable for class identification purposes"). Alternatively, class members could be given a sworn claim form to confirm the nature of their purchase. *See Boundas v. Abercrombie & Fitch Stores*, 280 F.R.D. 408, 417 (N.D. Ill. 2012). Defendant just claims, but does not and cannot show why this alleged individual issue would predominate.

**B.   The Other Alleged Individual Inquires Are Unnecessary and Cannot Predominate**

Defendant also claims that whether it printed a receipt for each class member is an individual issue that might predominate, and that this alleged issue also implicates ascertainability. Both contentions are incorrect. This is not an issue at all. Instead this "issue" will be resolved by common evidence because: (a) by blaming its vendors, Defendant admits that since April 2014 all of its U.S. locations were printing FACTA violating receipts (ECF 50, pp.4-5); and (b) Defendant does not deny that its system is programmed to provide a printed receipt for every transaction (ECF 50, pp.4-5; and 50-2, pp.1-2). Thus, no individual inquiry is needed.

Defendant speculates a printer malfunction could have prevented a receipt from being printed or that some customers may have left the store without their receipt. (ECF 50, p.10). Defendant does not identify any instance where either of these actually happened. More importantly, FACTA does not require a person to "accept" the receipt to have a claim. Indeed, that would be contrary to the statue because it would deny a claim to the most vulnerable, those whose receipts are left out of their control. Defendant's argument is also factually unsupported because it only presents the affidavit of a single employee who claims, in an unspecified time period and location, she saw "customers leave without a receipt." (ECF 50-2, p.2). In other words, ███ ████████████████████ Defendant cannot identify a single person who was not provided with a receipt. By contrast, as shown above, there is common proof to show all class members were provided with a receipt or at a minimum the receipt was printed. Accordingly, the alleged printed or provided issues cannot preclude a class. *See*, *e.g.*, *Tchoboian v. Parking Concepts, Inc.*, U.S. Dist. LEXIS 62122 at *14 (C.D. Cal. July 16, 2009) (whether receipt provided does not bar a class).

**C.   Identifying the Cardholder Does Not Predominate**

Defendant claims that identifying the cardholder for each transaction is an individual issue. Defendant is confusing identification with ascertainability, but as shown above, the cardholder for each transaction can be easily identified, and there is no evidence that someone other than the cardholder presented the card (and thus no individual proof to consider).

Defendant cites *Ticknor v. Rouse's Enters.*, 2014 U.S. Dist. LEXIS 61371 (E.D. La. May 2, 2014), in which the defendant likewise had no evidence that anyone other than the cardholder used the card. In addition to facing different facts, *Ticknor* is in the minority of courts to deny certification in a FACTA case, and its reliance on a speculative concern is inconsistent with Eleventh Circuit law. *See Klay*, 382 F.3d at 1272-73 ("Courts are generally reluctant to deny class certification based on speculative problems…"). Even if confirming the cardholder used their own card were to ever become an issue, this is dealt with by advising in the class notice that only the user may submit a claim, not the denial of certification. *See Hammer v. JP's Southwestern Foods, L.L.C.*, 267 F.R.D. 284, 290 (W.D. Mo. 2010) ("if the Court determines that a more appropriate class definition focuses on the cardholder and not the recipient, the proposed definition can be amended."). In short, the foregoing non-issues are irrelevant.



███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

### III.    This Case Meets Rule 23(b)(3)'s Superiority Requirement

Despite the fact that Defendant never instituted a compliance system after it was previously sued, it argues that because FACTA provides for statutory damages, attorneys' fees and costs, individual actions are possible. Yet, Rule 23 does not require a class action to be the only method of resolving the claims at issue, just the superior method.

A comparison of individual and class action alternatives plainly shows that a class action is superior. The relief available to each class member is the same in a class action as it is in an individual action, $100–$1,000 in statutory damages if the violation is willful, plus attorneys' fees and costs. 15 U.S.C. §1681n. But a class action is better because it spares class members from having to recognize they have a claim, find a lawyer, and deal with the rigors of discovery and trial on their own. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). A class action is also better for the courts, sparing them the need to preside over and decide the fact and liability issues this case presents multiple times instead of just once. *See In re Checking Account Overdraft Litig.*, 286 F.R.D. 645, 659 (S.D. Fla. 2012) ("Separate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts."), *quoting Kennedy v. Tallant*, 710 F.2d 711, 718 (11th Cir. 1983).

Defendant does not identify any reason why individual actions would be superior for class members or the courts. Defendant just prefers individual actions because it knows most class members will not file suit, allowing Defendant to avoid their claims. But enabling Defendant to again skirt liability for its actions is not a basis for opposing class certification.

Defendant's other argument is based on the perverse idea ████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

This argument is contrary to binding precedent. ███████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████

Finally, class relief under Rule 23 is available for any claims unless Congress expressly says otherwise, and it has not said otherwise for FACTA. *Hammer*, 267 F.R.D. at 290 ("Class relief under Rule 23 is available for any claim unless Congress has expressly restricted relief…. Congress has not restricted class relief under FACTA…"), *citing Califano v. Yamasaki*, 442 U.S. 682, 700 (1979) (unless Congress says otherwise, "class relief is appropriate in civil actions brought in federal court"). █████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

---

█ ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
███████████████████████████████████



## IV.    This Case Meets the Numerosity Requirement

For a better part of a year Plaintiff has been requesting, and fully briefed a motion to compel

class data for the purpose of satisfying the numerosity requirement.[5] *See* Reply To Motion to Compel. (ECF 29). However, Plaintiff moved forward with class certification showing the class was sufficiently numerous even if Plaintiff does not know the exact size. *See* (Motion p.11 n.11); and *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983) ("need not show the precise number of members in the class."). ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████

        Defendant relies heavily on *Grimes v. Rave Motion Pictures Birmingham, L.L.C.*, 264 F.R.D. 659 (N.D. Ala. 2010), which is readily distinguishable. First, the defendant in *Grimes* had many different machines and only one of them was known to be printing non-compliant receipts. *Id.* at 665-66. Here, all of Defendant's machines had the same non-complying software and lack of compliance system. Second, the plaintiff in *Grimes* did not propose any meaningful way to identify the class. *Id* at 668. Here, Plaintiff will identify the class from Defendant's transactions records and card-issuing bank records as Plaintiff's counsel has done in previous cases (and explained in Plaintiff's Motion, "the transaction details and card-issuing bank information was recorded for each transaction with Defendant, and the card-issuing banks have the class members' names and address." (Motion p.1). The class is sufficiently numerous.

**V.      Commonality and Typicality Are Met and Defendant Does Not Refute Plaintiff's Showing of Adequacy**

        Defendant does not address Plaintiff's showing that this case meets Rule 23's commonality test because it presents the common liability questions or Plaintiff's showing that this case meets the typicality test because all claims arise from the common practice of the POS system printing receipts, and all claims are based on an identical legal theory under FACTA.

        Rule 23(a)(2)'s adequacy test is whether Plaintiff has any "interests antagonistic to the class," and whether counsel are qualified to represent the class. *Fabricant v. Sears Roebuck & Co., et al.,* 202 F.R.D. 310, 314-15 (S.D. Fla. 2001), *citing Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 726-28 (11th Cir. 1987). Defendant does not refute Plaintiff's showing that he meets the

---

[5] *See also Whiteamire Clinic, P.A., Inc. v. Quill Corporation*, 2013 U.S. Dist. LEXIS 136819 at *9 (N.D. Ill. Sept. 24, 2013) ("[T]he Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.").

adequacy requirement. Ironically, Defendant argues Plaintiff acted too quickly to protect the class' interests in filing this lawsuit. That is not a legal basis for challenging adequacy. Indeed, the argument is not even logical. It makes no sense to wait when the class's information is being unlawfully exposed and their rights under FACTA violated. Mr. Flaum acted promptly to stop the illegal practice (Defendant admits it was his lawsuit that made it aware of the violations). Similarly, the fact that Flaum has been a party to three other class action lawsuits supports his adequacy. *See Murray*, 434 F.3d at 954 ("The district judge did not cite a single decision supporting the proposition that someone whose rights have been violated by 50 different persons may sue only a subset of the offenders.")

Defendant also argues Plaintiff's Counsel have too much experience in FACTA and the FCRA dating back from 2002.[6] Once again, Defendant's argument has no basis in law or logic. The fact that three separate law firms have years of experience representing consumers shows why they have the three largest all-cash, non-revisionary class action FACTA settlements, that they know how to identify the class members, and that they are highly qualified counsel for the proposed class.[7] The adequacy requirement is met.

### VI.    Defendant's Remaining Points have No Bearing on Class Certification

Defendant makes a variety of arguments, apparently in the hope this motion will be decided based on something other than the law. Yet, class certification must be decided in accordance with the requirements of Rule 23. *See Local 703 I.B. of T. Grocery & Food Employees Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1253 (11th Cir. 2014) (class certification decision subject to reversal if it is based on "the wrong legal standard" or "applies the law in an unreasonable or incorrect manner."). For all the above reasons, the pending motion for class certification should be granted.

---

[6] Defendant's chart is full of inaccuracies. For example, the same TJX case is listed four separate times. *See* ECF 50-5 lines 4, 23, 25 and 28. It fails to note that the reason class certification was not filed in some cases is because they were individual actions.

[7] *See Legg v. Lab. Corp. of America*, 14-cv-61543-RLR, ECF 218, pp.4-5 (S.D. Fla. Feb. 18, 2016) ($11 million dollars for 635,000 class members); *Legg v. Spirit Airlines*, 14-cv-61978-JIC, ECF 146. pp. 4-6 (S.D. Fla. Aug. 2, 2016) ($7.5 million for 350,000 class members); *Muransky v. Godiva Chocolatier, Inc.*, No, 15-cv-60716-WPD (S.D. Fla., filed Apr. 6, 2015) ($6.3 million dollars for 318,000 class members) *on appeal*.

Dated: December 12, 2016.

Respectfully submitted,

By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
*Attorney for Plaintiff and the putative Class*
Florida Bar No. 0597651
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

Bret L. Lusskin, Jr.
Bret Lusskin, P.A.
20803 Biscayne Blvd., Ste. 302
Aventura, FL 33180
Tel: 954-454-5841
Fax: 954-454-5844
blusskin@lusskinlaw.com

Keith H. Keogh (*pro hac vice*)
Illinois Bar No. 6225170
KEOGH LAW, LTD
55 West Monroe Street
Suite 3390
Chicago, Illinois 60603
Telephone: (312) 726-1092
Facsimile: (312) 726-1093
Keith@keoghlaw.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on December 12, 2016, I caused the foregoing document to be filed with the Clerk of the Court under seal. Furthermore, I caused the foregoing to be served on all parties and counsel of record via email.


By:<u>/s/ *Scott D. Owens*</u>
Scott D. Owens, Esq.