UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SHANE FLAUM,

        Plaintiff,

v.

BUTH-NA-BODHAIGE, INC.,
d/b/a THE BODY SHOP,

        Defendant.

Case No. 0:15-cv-62695-WJZ

## DEFENDANT'S MOTION TO STAY PROCEEDINGS

Defendant Buth-Na-Bodhaige, Inc., d/b/a The Body Shop ("The Body Shop"), moves to stay the proceedings in this case pending the court's ruling on the proposed class action settlement of the lawsuit entitled *Lee v. Buth-Na-Bodhaige, Inc.*, No. 1:16-cv-01104, which was filed in the Southern District of New York. The *Lee* settlement is currently pending before the court for approval.

### PRELIMINARY STATEMENT

Like the instant case, *Lee v. Buth-Na-Bodhaige, Inc.* is a purported class action brought by an individual, on behalf of himself and a putative class, claiming that The Body Shop violated the Fair and Accurate Credit Transactions Act (FACTA). The Body Shop and the *Lee* plaintiff have reached a class action settlement that, upon final court approval, will resolve the class claims pending before the Court in this case. Consistent with the practice in this District and many other federal courts throughout the country, when a class action settlement is pending approval in another court that will resolve the class action claims pending here, the court may enter an order staying all proceedings to help advance the settlement approval process in the other case and avoid the unnecessary waste of party or judicial resources.

Plaintiff Flaum has acknowledged that the instant case and the *Lee* case are "materially identical" because they both "raise the same claims based on the same [alleged] conduct" by The Body Shop. *Lee v. Buth-Na-Bodhaige, Inc.*, No. 1:16-cv-01104, Doc. 37 at 1, 2 (S.D.N.Y. Sept. 21, 2016). Therefore, there is no dispute that approval of the *Lee* settlement will resolve the claims in this case, except insofar as plaintiff Flaum chooses to opt out of the *Lee* class (in which case the scope of this case will be substantially narrowed from a putative class action to an individual case). As a result, staying this case pending a ruling by the New York court regarding the *Lee* settlement will conserve the Court's and the parties' resources by obviating the need to spend substantial resources on pending discovery and related motions practice, and will not prejudice plaintiff Flaum who has suffered no actual harm and does not have any ongoing injury.

## FACTUAL BACKGROUND

On December 27, 2015, three days after purchasing a gift product for $33.39 from The Body Shop's Sawgrass Mills Mall store in Sunrise, Florida, plaintiff Shane Flaum filed this lawsuit seeking to certify a nationwide class of defendant's customers who, beginning on December 27, 2013, allegedly received printed receipts that display more than the last five digits of their credit or debit card number in violation of FACTA. Doc. 1, Compl. ¶ 41; Doc. 44, Pl.'s Mot. Class Cert. at 8-9.

The claim in the *Lee* case is identical to the claim here -- alleging, on behalf of a putative class, that The Body Shop violated FACTA by providing debit and credit card receipts that displayed more than the last five digits of each customer's credit card or debit card number. *Lee v. Buth-Na-Bodhaige, Inc.*, No. 1:16-cv-01104, Doc 21 at 1 (Prelim. Pre-Trial Stmt.) (S.D.N.Y. June 10, 2016).[1] Indeed, on September 21, 2016, Flaum moved to intervene in and dismiss or

---

[1] *Compare* Compl., Doc. 1 ¶ 29 ("Plaintiff paid for the subject goods using his personal Visa® credit card at which time he was presented with a printed receipt bearing the first six digits of his

stay the *Lee* case, arguing that the *Lee* case is "materially identical" and "entirely duplicative" of this earlier-filed action because "[b]oth cases raise the same claims based on the same conduct, and both seek a nationwide class." *Lee*, Doc. 37 at 1, 2, (S.D.N.Y. Sept. 21, 2016).[2]

The Body Shop and the *Lee* plaintiff have entered into a class action settlement agreement which includes a release of the very claim being asserted here. *Lee*, Class Action Settlement Agreement, Doc. 73-1 (S.D.N.Y. Jan. 24, 2017). Specifically, the settlement class includes any individual who -- from February 12, 2011 to the date that the class is certified for settlement purposes -- used a debit or credit card at a U.S. retail location of The Body Shop and received an electronically-printed receipt that displayed more than the last five digits of the card number. As part of the settlement, The Body Shop will provide settlement class members, who do not opt out of the settlement, with a $12.00 gift card that can be used toward any purchase either online or at any of The Body Shop's retail locations. The parties have agreed that this settlement is fair, reasonable and appropriate given the anticipated risks and expenses of protracted litigation. *See, e.g.*, *Id.* at 2 ("WHEREAS Class Counsel have also taken into account the risk and uncertainty associated with class action litigation, especially in complex actions such as these, as well as the difficulties and delay inherent in such actions . . .").

This case is expected to involve significant discovery and motions practice during the next three months. The class certification motion in this case is fully briefed and awaiting

---

card account, along with the last four digits.") *with Lee* Compl., Doc. 6 at ¶ 22 ("Plaintiff was given a computer-generated cash register receipt that published . . . the first six and the last four digits of Plaintiff's credit card"). *Compare also* Compl., Doc. 1 ¶ 37 ("Defendant continues to issue point of sale receipts, which contain more than the last five numbers of the credit card or debit card, in direct violation of the Receipt Provision of the FCRA") *with Lee* Compl., Doc. 6 at ¶ 57 ("There are well over 100 persons who used either a [credit card or debit card] at Defendant's business locations where Defendant provided an electronically printed receipt at the point of sale or transaction that violated FACTA's truncation requirement[] . . . .").

[2] The plaintiff and The Body Shop opposed Flaum's motion, which remains pending.

3

judicial resolution, as is a motion to compel filed by plaintiff. It is also likely that if the case is not stayed, The Body Shop will move to implead its third party payment processing vendor, Verifone, Inc. (as it did in *Lee*). Discovery in this case is ongoing. Given that expert reports are due on March 10, 2017, motions for summary judgment are due on March 20, 2017, and discovery closes on April 29, 2017, it is anticipated that the parties will be engaged in continuing to exchange documents and scheduling numerous depositions during the next three months. Therefore, motions practice and discovery will have to continue -- at considerable time and expense by the parties and the Court -- unless this action is stayed.

## ARGUMENT

**I.      The Court Has the Authority To Stay Proceedings in the Interest of Efficiency and Fairness**

A district court has the inherent authority to stay proceedings "in the control of its docket and in the interests of justice." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (internal citation omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This inherent power includes the discretion to stay proceedings pending the outcome in another case. *Barr v. Harvard Drug Grp., LLC*, No. 13-cv-62019, 2015 WL 11181968, at *3 (S.D. Fla. Dec. 7, 2015). In deciding whether to grant a stay, the court "'must weigh competing interests and maintain an even balance.'" *Id.* (quoting *Landis*, 299 U.S. at 254-55). This includes consideration of the hardship imposed on either side by a decision to stay the case, as well as the public interest. *Id.* (citing *Landis*, 299 U.S. at 254-56). "The test for whether a stay should be granted pending the outcome of another case is not 'mechanical,' but rather it is capable of 'adaptation to varying conditions.'" *Id.* (quoting *Landis*, 299 U.S. at 255-56). As shown in section II below, all these requirements are met here.

Federal courts in this District and throughout the country routinely grant discretionary stays where a class settlement is pending in another substantially similar case that would affect, if not resolve, the class action presently before the court.  *See, e.g.*, *Loor v. Tween Brands, Inc.*, No. 15-953, 2015 WL 6704579, at *2 (M.D. Fla. Nov. 3, 2015) (granting stay of proceedings pending final approval of proposed class action settlement in a case against the same defendant in which "the bulk—if not all—of the members of the putative classes … would [overlap]"); *Herrick v. JP Morgan Chase Bank, N.A.*, No. 13-21107, 2013 WL 10799539, at *1 (S.D. Fla. June 25, 2013) (granting defendants' motion to stay the case temporarily in light of pending approval of class settlement of certain overlapping claims); *Clasby v. GlaxoSmithKline PLC*, No. 04-21332, Doc. 9 (S.D. Fla. Nov. 16, 2004) (granting defendants' motion to stay pending a final ruling on a proposed settlement in a parallel class action); *Drugan v. Nextel Commc'ns, Inc.*, No. 03-80850, Doc. 17 (S.D. Fla. Nov. 8, 2003) (granting defendant's motion to stay proceedings pending resolution of final approval of class-action settlement agreement in similar class action).[3]

---

[3] *See also Pearson v. Wells Fargo*, 14-0521, 2014 WL 2452802, *1, 4 (W.D. Wash. June 2, 2014) (granting stay in light of pending class action settlement approval in similar action); *Bose v. Citibank, N.A.*, No. 13-580, 2014 WL 12571408, at *1-2 (S.D. Ohio Mar. 5, 2014) (granting stay where defendant reached tentative nationwide settlement in parallel class action involving "essentially identical claims" in which the plaintiff was a putative class member, notwithstanding her stated intention to opt out of the class settlement in the other case); *Branca v. Iovate Health Scis. USA, Inc.,* No. 12-01686, 2013 WL 1344306, at *1-2 (S.D. Cal. Apr. 2, 2013) (granting stay of federal class action where parties in substantively identical state court action had reached a class settlement and moved for preliminary court approval); *In re JPMorgan Chase LPI Hazard Litig.*, No. 11-03058, 2013 WL 3829271, at *3-5 (N.D. Cal. July 23, 2013) (granting stay where defendants agreed to a settlement in principle in a parallel class action in a different court); *Daigle v. DRC Emergency Svcs., LLC*, No. 11-2499, 2012 WL 2871252, at *1-2 (E.D. La. July 12, 2012) (granting temporary stay in favor of MDL settlement process, noting "[i]t would be inequitable to require defendants to proceed with this putative class action while the real possibility of settlement of these claims . . . exists"); *Jaffe v. Morgan Stanley DW, Inc.,* No. 06-3903, 2007 WL 163196, at *1-2 (N.D. Cal. Jan. 19, 2007) (granting stay to allow settlement negotiations to play out in another class action with identical class claims and proposed class

Because the parties in *Lee* recently filed a motion for preliminary approval of a class action settlement agreement (which includes a class-wide release of the same claim asserted here), the Court should grant The Body Shop's motion to stay.

## II.     Granting a Stay Is Warranted Under These Circumstances

### A.     Consideration of Judicial Efficiency and Conservation of Court and Party Resources Weighs in Favor of a Stay

A stay in this case would conserve judicial resources. As plaintiff has acknowledged, this case and the *Lee* case are "materially identical," asserting "the same claims based on the same conduct" under FACTA against the same defendant, and both are seeking a nationwide putative class. *Lee*, Doc. 37 at 1, 2. In fact, plaintiff Flaum's putative class (as defined in his complaint) is subsumed within the settlement class set forth in the *Lee* class action settlement. Thus, there can be no dispute that settlement of the class claims in *Lee* would resolve, at a minimum, the class claims in this case, if not the entire action if plaintiff Flaum chooses not to opt out of the settlement. The *Lee* settlement would obviate the need for the Court to decide the pending motion for class certification and for the parties to further engage in class discovery and motions practice. It would also moot plaintiff's pending motion to compel discovery, which, as plaintiff explained, was served to "ascertain the scope and membership of the class." Pl.'s Mot. to Compel., Doc. 26, at 2. Therefore, granting a stay in these circumstances is in the interest of efficiency and will conserve judicial resources. *See, e.g.*, *Loor*, 2015 WL 6704579, at *2 (finding that "the interests of justice and efficiency will be served" by staying the case); *Bose*,

---

definition, even though the case at hand also included state law claims that the other case did not include); *Annunziato v. eMachines Inc.*, No. 05-610, 2006 WL 5014567, at *1-2, 5-6 (C.D. Cal. July 24, 2006) (granting stay of putative class action where defendant had moved for preliminary approval of a nationwide class settlement in another class action involving the same claims); *Packer v. Power Balance, LLC*, No. 11-802, 2011 WL 1099001, at *2 (D.N.J. Mar. 22, 2001) (granting stay where class settlement agreement was reached in competing federal class action).

2014 WL 12571408, at *2 ("judicial economy and efficiency are best served by granting a brief stay"); *Annunziato*, 2006 WL 5014567, at *5 ("efficiency is best achieved by granting a temporary motion to stay"); *Packer*, 2011 WL 1099001, at *2 ("considerations of judicial economy favor a stay").

For example, in *In re JPMorgan Chase LPI Hazard Litig.*, the court stayed a pending putative class action in light of a settlement in principle reached in a separate class action pending in another district court involving effectively the same claims. 2013 WL 3829271, at *3-5. There, the court held that a stay served the interest of judicial economy because the settlement of the other class action would "obviate any further litigation of issues" and in the stayed case would "allow both parties to conserve their resources." *Id.* at *5. The court also found there was no evidence that the plaintiffs would be prejudiced or damaged by a stay. *Id.* at *4 (recognizing that "as there has been no showing that Plaintiffs face a fair possibility of damage from a brief stay the Court is mindful of the burden Defendants will face, potentially needlessly, by expending resources in this case"). Likewise here, there is no dispute that a settlement of the other class action would resolve the class claims in the case before it (*id.* at *4), and the interests of judicial efficiency and the preservation of resources weigh in favor of granting a stay.

Even if plaintiff were to opt out of the *Lee* settlement, approval of that settlement would still substantially narrow the issues in this case. *See Bose*, 2014 WL 12571408, at *1-2 (granting stay and rejecting plaintiff's argument that she intended to opt out of the class settlement); *Schwarz v. Prudential-Bache Sec., Inc.*, No. 90-6074, 1991 WL 137157, at *1 (E.D. Pa. July 19, 1991) (granting stay notwithstanding plaintiff's arguments that he may opt out of the class action and that his complaint includes individual claims that are not part of the class action). Not only

7

would the class certification motion be rendered moot, but the class settlement would substantially narrow the scope of discovery in this case (and correspondingly narrow the likelihood of discovery disputes), and limit the individual issues on summary judgment and, if necessary, at trial.

Absent a stay in this case, the parties and the Court will have to expend considerable resources to proceed with motions practice and voluminous discovery.[4]  Therefore, the interests of the parties and judicial efficiency weigh heavily in favor of a stay.

### B.    Balancing of the Parties' Interests Weighs in Favor of a Stay

If a stay is not granted here, The Body Shop "could be compelled to unnecessarily litigate claims in different fora [and] become subject to competing court orders." *Packer*, 2011 WL 1099001, at *2; s*ee also Branca*, 2013 WL 1344306, at *1 (concluding that proceeding with the case would "potentially result in duplicative litigation").  Moreover, like the defendant in *Baughman*, The Body Shop "will be prejudiced if [it is] forced to defend against a claim that could be resolved through the class action settlement." *Baughman v. Walt Disney World Co.*, No. 07-01108, Doc. 17 (C.D. Cal. Jan. 9, 2009); *see also Pearson*, 2014 WL 2452802, at *4 (finding that failure to grant the stay "could cause considerable hardship to Defendants, complicate the litigation, and waste judicial resources").  In contrast, plaintiff Flaum will suffer no harm or prejudice if a stay is granted, particularly given that she does not contend she suffered any actual harm at all or that there is an ongoing injury in this case.  If the *Lee* court does not

---

[4]  As addressed above, if the case is not stayed, The Body Shop will move to implead and file a third party complaint against its third party vendor, Verifone, Inc., as it did in *Lee*, because any failure to mask credit and debit card numbers on customer receipts was due to Verifone's conduct, not The Body Shop's.  *See Lee v. Buth-Na-Bodhaige, Inc.*, No. 1:16-cv-01104, Doc. 48, Third Party Complaint (Nov. 17, 2016).  Verifone moved to dismiss the complaint in *Lee*, and it is reasonable to assume that it would do so here, thereby adding to the pending motions in this case.

8

approve the settlement, or if plaintiff opts out of the settlement, this case can easily resume where it left off with no prejudice to either party. *See Pearson*, 2014 WL 2452802, at *3. In short, the balance of the parties' interests clearly favor staying this case, and it would be inequitable to require The Body Shop to proceed in litigating this case while the *Lee* settlement is pending approval. *Daigle,* 2012 WL 2871252, at *2.

## CONCLUSION

For all the foregoing reasons, The Body Shop respectfully requests that the Court grant its motion to stay this case pending a ruling by the New York court on the proposed class action settlement in *Lee v. Buth-Na-Bodhaige, Inc*. To the extent that the Court believes that the stay should contain a definitive time period by which the parties will update the Court on the status of the *Lee* settlement proceedings, The Body Shop would propose filing a status report 90 days after the stay is granted.

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for The Body Shop hereby certifies that its counsel Jeremy White met and conferred with Plaintiff's counsel Keigh Keogh by email on January 25, 2017 and despite a good faith effort, was unable to resolve the issues raised in this this motion.

Dated:  January 25, 2017

Respectfully submitted,

/s/ Audrey M. Pumariega
Audrey M. Pumariega (FBN 85206)
McDermott Will & Emery LLP
333 Avenue of the Americas, Suite 4500
Miami, FL 33131
305.329.4421

Kerry Alan Scanlon (admitted *pro hac vice*)
Jeremy M. White (admitted *pro hac vice*)
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
202.756.8000

*Attorneys for Buth-Na-Bodhaige, Inc. d/b/a The Body Shop*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2017, I electronically filed The Body Shop's Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

/s/ Audrey M. Pumariega
Audrey M. Pumariega