# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

| | | |
|---|---|---|
| SHANE FLAUM, individually, | ) | |
| and on behalf of others similarly situated, | ) | |
| | ) | **CASE NO. 15-cv-62695-WJZ** |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BUTH NA-BODHAIGE, INC., | ) | |
| a Delaware corporation, d/b/a | ) | |
| THE BODY SHOP, | ) | |
| | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S RESPONSE
## IN OPPOSITION TO DEFENDANT'S MOTION TO STAY

Defendant's motion to stay should be denied because Defendant has not and cannot meet its burden of proving compelling reasons to stay this case pending the evaluation of the proposed settlement in *Lee* and, to the contrary:

(1) Defendant's motion is inconsistent with Defendant's successful arguments to this Court and the court presiding over *Lee* that the two cases should proceed separately, and

(2) Staying this case pending the evaluation of the proposed settlement in *Lee* will accomplish nothing but delay because the *Lee* settlement will likely be rejected as inadequate, and because Plaintiff Flaum will opt out of any settlement in *Lee* if it is approved, so his case here must proceed regardless of what happens in that case.

**I.      Defendant's Motion to Stay Pending the Evaluation of the Settlement in *Lee* Is Inconsistent with Defendant's Successful Arguments to Keep the Cases Separate.**

Defendant's motion is inconsistent with the representations it has made to the courts throughout these proceedings. Defendant notes that that Plaintiff Flaum thought this case and *Lee* were similar enough to warrant consolidating them here (as Flaum's case was filed first),

however Defendant opposed those efforts, successfully arguing that the cases should proceed *separately*. First, Defendant opposed Flaum's motion to appoint his lawyers interim counsel for the proposed class members on the ground that this case and *Lee* were not consolidated or proceeding in the same court. [ECF No. 14 at p.2] ("Because the *Lee* case has not been consolidated with this case nor transferred to this District, Plaintiff s motion is unwarranted."). This remains the case today. Thus, by Defendant's own reasoning, there is no reason to stay this case based on *Lee*.

Second, when Plaintiff moved to intervene in *Lee* for the purpose of seeking to have it transferred to proceed with this case, Defendant opposed that motion as well, again arguing the cases were separate and thus should continue proceed separately. Defendants successfully argued that the cases "involves [sic] different parties who reside a thousand miles apart and made purchases from different stores at different times" and that "[n]either [Lee's] case nor [Flaum's] case has been certified under Rule 23." (Exhibit 1, Defendant Opposition to Motion to Intervene in *Lee* (ECF No. 42), at p.10 (brackets added)). These facts remain true today. Accordingly, once again, by Defendant's reasoning, there is no legitimate reason to stay this case based on *Lee*.

Nothing new happened to justify changing course. The only thing "new" is the mere possibility that the proposed settlement class in *Lee* might be certified and the settlement approved. However that has not happened yet, it may never happen. In fact, as demonstrated below, it is unlikely to happen, and will not affect the need for this case to continue proceeding. Accordingly, by Defendant's own submissions, there is no reason to allow "what might be" in once case affect what happens in the other.

## II.   Staying this Case Pending the Evaluation of the Settlement *Lee* Would Be Pointless, as This Case Must Proceed Regardless of What Happens in *Lee*.

Granting Defendant's motion only needlessly delays this case for two reasons. First, it is unlikely that the proposed settlement in *Lee* will receive final approval. The reason Defendant worked so hard to oppose Plaintiff's efforts to protect the class members by seeking to have his lawyers appointed interim class counsel, and also opposed Plaintiff's efforts to consolidate this case with *Lee*, is so Defendant could "reverse auction" the class members' claims and settle with the low bidder. *See Reynolds v. Ben. Nat'l. Bank*, 288 F.3d 277, 282 (7th Cir. 2002) (a "'reverse auction, 'the practice whereby the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant.'") (Citations omitted).

The exceptionally poor settlement proposed in *Lee* reflects this dynamic. Of the three class cases filed against Defendant for the conduct at issue, *Lee* was the last filed and the least advanced case – the plaintiff had only filed a complaint and served written discovery when the case settled. Yet, the plaintiff's lawyers in that case propose to receive a $500,000 fee in cash, the named plaintiff proposes to receive a $4,000 award in cash, but the class members who take the trouble to file a claim get a paltry $12 gift card that can only be used to buy things from Defendant. (Exhibit 2 (*Lee* Settlement Agreement) at pp. 7, 18); and *compare Reynolds*, 288 F.3d at 282 ("The ineffectual lawyers are happy to sell out a class they anyway can't do much for in exchange for generous attorneys' fees, and the defendants are happy to pay generous attorneys' fees since all they care about is the bottom line--the sum of the settlement and the attorneys' fees--and not the allocation of money between the two categories of expense.").[1] In

---

[1] There are some cases in which gift cards are appropriate form of payment to class members, but this case is not one of them.

3

other words, the class members must give their recoveries back to Defendant in exchange for retail-marked-up goods. Furthermore, aside from unspecified class members for which Defendant just happens to have contact information, Defendant will only have to provide a gift card to the few class members who actually run across the brief "publication" notice of the settlement in USA Today and then file a claim in response to it. (Exhibit 2 (*Lee* Settlement Agreement) at p.12). In other words, the settlement contains no mechanism to subpoena class member contact information from the credit card processors and banks that issued the credit cards used to make the purchases at issue, as the undersigned has done in the cases listed below, even though Federal Rule 23 expressly requires class members to be given "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

In contrast to the proposed settlement in *Lee*, Plaintiff Flaum's attorneys routinely achieve all cash settlements for their class members, with *no* reversion to the defendant. Indeed, they achieved the largest all-cash FACTA settlements in history. *See Legg v. Laboratory Corporation of America Holdings*, No. 14-cv-61543-RLR, ECF No. 227 (S.D. Fla., Feb. 18 2016) ($11 million); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC, ECF No. 151 (S.D. Fla., Aug. 2, 2016) ($7.5 million); and *Muransky v. Godiva Chocolatier, Inc.*, No, 15-cv-60716-WPD, ECF No. 99 (S.D. Fla., Sept. 28, 2016) ($6.3 million). Moreover, in each of these cases class members were given direct mail notice of the settlement because of the undersigned's ability to conduct the necessary data analysis, and the undersigned's willingness to expend the needed time and effort, for subpoenaing the card processing companies and card-issuing banks to obtain the class members' contact information. When the *Lee* court is made aware of this stark comparison of results, there is little doubt that the gift card settlement cooked up in *Lee* will be rejected. *See*

4

*Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1326 (11th Cir. 2013) (a settlement may not be approved unless it is "fair, adequate, reasonable, and not the product of collusion.") (quoting: *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 (11th Cir.1994)).

But even if the proposed settlement in *Lee* is approved, it will not affect the need for this case to proceed. As Defendant admitted in opposing Plaintiff Flaum's motion to intervene in *Lee*, Plaintiff Flaum "can always prevent his claim from being decided in [*Lee*] and ensure that it gets adjudicated in his pending action against Defendant in Florida, because he will be able to opt out in the unlikely event that a class is certified in this case." (Exhibit 1, Defendant Opposition to Motion to Intervene in *Lee* (ECF No. 42), at p.1); *see also* Fed. R. Civ. P. 23(c)(2)(B)(v) (class members have the right to be excluded from the settlement)). If the *Lee* settlement is approved, Plaintiff Flaum will do exactly that so that he can continue to press his claims here, in which event this case must continue to proceed as if *Lee* never existed.

Accordingly, because the proposed settlement in *Lee* is unlikely to be approved, and because Plaintiff Flaum's case will proceed regardless of what happens in *Lee*, it would be patently unfair, not to mention contrary to law, to force him to sit idly by indefinitely pending the consideration of a settlement in a different case that does not and will not affect him. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) ("Only in rare circumstances will a litigant in one cause be compelled to stand aside …"). For these additional reasons, Defendant's motion to stay pending the evaluation of the proposed settlement in *Lee* should be denied.

Dated: February 8, 2017.

Respectfully submitted,

By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
*Attorney for Plaintiff and the putative Class*
Florida Bar No. 0597651

SCOTT D. OWENS, P.A.
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

Bret L. Lusskin, Jr.
Bret Lusskin, P.A.
20803 Biscayne Blvd., Ste. 302
Aventura, FL 33180
Tel: 954-454-5841
Fax: 954-454-5844
blusskin@lusskinlaw.com

Keith H. Keogh
Florida Bar No. 0126335
KEOGH LAW, LTD
55 West Monroe Street
Suite 3390
Chicago, Illinois 60603
Telephone: (312) 726-1092
Facsimile: (312) 726-1093
Keith@keoghlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 8, 2017, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document

is being served this date via U.S. mail and/or some other authorized manner for those counsel or

parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.


By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.