# EXHIBIT 2

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (together with all appendices, exhibits, schedules and attachments hereto, the "Settlement Agreement," the "Settlement" or the "Agreement") is entered into by and among Plaintiff Henry Lee ("Plaintiff"), individually and on behalf of the Settlement Class (as defined in Article I, Paragraph 16), and Defendant Buth-Na-Bodhaige, Inc. d/b/a The Body Shop ("The Body Shop" or "Defendant") (hereinafter referred to collectively as the "Parties" and singularly as a "Party"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined in Article I, Paragraph 13), upon and subject to the terms and conditions of this Settlement Agreement and subject to final approval by the United States District Court for the Southern District of New York.

WHEREAS, The Body Shop owns and/or operates a number of retail locations in the Southern District of New York and elsewhere throughout the United States;

WHEREAS, on February 12, 2016, Plaintiff filed a putative class action Complaint in the United States District Court for the Southern District of New York (the "Court"), captioned *Henry Lee v. Buth-Na-Bodhaige, Inc. d/b/a The Body Shop*, Case No. 16-CV-01104 (the "Action"), which asserted allegations that The Body Shop violated the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA") by providing Plaintiff and the putative class with electronically-generated, printed receipts at the point-of-sale ("POS") or in transactions that displayed more than the last five digits of their respective credit or debit card number;

WHEREAS, the Parties have engaged in discovery and have had the opportunity to fully review and evaluate the claims and their respective positions;

WHEREAS, Plaintiff believes that the claims asserted in the Action have merit;

1

WHEREAS, Plaintiff and Class Counsel (as defined below) recognize and acknowledge the expense and duration of continued proceedings that would be necessary to prosecute the Action through trial and appeals;

WHEREAS, Class Counsel have also taken into account the risk and uncertainty associated with class action litigation, especially in complex actions such as these, as well as the difficulties and delay inherent in such actions, and Class Counsel and Plaintiff believe the settlement set forth in this Agreement confers substantial benefits upon the Class Members;

WHEREAS, the Parties and their respective counsel have concluded that the terms of this Agreement provide an appropriate resolution of the Action and the Agreement resolves all issues raised in the Action by all Parties without prolonged litigation or the expense, risk and uncertainty accompanying such prolonged litigation;

WHEREAS, The Body Shop has denied, and continues to deny, any fault, wrongdoing or liability of any kind arising out of the claims in the Action. In addition, The Body Shop maintains that it has meritorious defenses to class certification and on the merits of the claims alleged in the Action and is prepared to vigorously defend this suit. Nevertheless, The Body Shop has concluded that further defense of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to fully and finally settle the claims raised in this Action pursuant to the terms and conditions set forth in this Agreement; and

WHEREAS, after investigation of the claims and following vigorous arms-length negotiations, which included the use of Lester J. Levy, Esq., a nationally-known mediator affiliated with JAMS, the Parties desire to amicably settle the claims asserted in the Action.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class and The Body Shop, by and through respective counsel, that,

2

subject to final approval of the Court after a hearing as provided for in this Settlement Agreement, the Action and the Released Claims shall be fully and finally resolved, compromised, discharged and settled according to the following terms and conditions:

## I.    DEFINITIONS

In addition to the terms defined elsewhere in this Agreement, for purposes of this Agreement and its Exhibits, the following terms shall have the meanings as set forth below.

1.    "Administration" or "Administration Costs" means the act of, and the costs associated with, administering the Settlement, including but not limited to, providing notice to the Class, providing notice under the Class Action Fairness Act, maintaining a process for submission of claims of Class Members, processing returned or undeliverable mail, processing claims forms, responding to Class Member inquiries, dealing with disputes from Class Members, creating and maintaining a website for the Class, distributing class compensation to Class Members, preparing and disseminating reports to Class Counsel about administrative issues and post-distribution settlement administration and related activities.

2.    "Administrator" means the third-party administrator to be hired by The Body Shop to handle all or parts of Notice and Administration as determined by Defendant.

3.    "Claim Form" shall mean a form created by the Administrator that substantially complies with Section VII herein, or Exhibit "F".

4.    "Class Counsel" means and includes the following:

> Joshua C. Dickinson, Esq.
> Bryant T. Lamer, Esq.
> Spencer Fane LLP
> 1000 Walnut Street, Suite 1400
> Kansas City, MO 64106
>
> Robert L. Lash, Esq.
> Hur & Lash, LLP
> 390 Fifth Avenue, Suite 900

3

New York, NY 10018

5.     The "Class Period" shall mean February 12, 2011 through the date the Class is certified for settlement purposes.

6.     "Counsel for The Body Shop" or "Defendant's Counsel" means the law firm of McDermott Will & Emery LLP.

7.     "Defendant," the "Company" or "The Body Shop" means Buth-Na-Bodhaige, Inc. d/b/a The Body Shop.

8.     The "Effective Date" for purpose of the Settlement shall be five business days upon which all of the following have occurred: (a) entry of an order by the Court granting final approval of the Settlement Agreement, approving the amount of attorneys' fees and dismissing the Action with prejudice; (b) the period for The Body Shop to withdraw from the Agreement pursuant to Section IX(1) or (2) has expired; and (c) the time for appeal has expired without any appeal, writ or other appellate proceeding having been filed and/or if one or more appeals is taken, the final outcome of the appeal(s) results in affirmance of the Court's order granting final approval of the Settlement Agreement.

9.     "Final Approval Hearing" means the hearing held by the Court to consider whether the Settlement is fair, reasonable, and adequate and whether to give final approval to this Settlement.

10.     "Final Order" means the Final Order of Judgment and Dismissal to be entered if the Court grants final approval to this Settlement as proposed on behalf of the Class, substantially in the form of Exhibit "**A**."

11.     "Notice" means the notice to the Class, approved by the Court in the Preliminary Approval Order, substantially in the form of Exhibits "**B**" and "**C**."

4

12.     "Preliminary Approval Order" means the order to be entered if the Court grants preliminary approval of this Agreement and certifies the Class for settlement purposes, substantially in the form attached as Exhibit "**D**."

13.     "Released Claims" is defined as any and all claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, damages, agreements, costs and expenses, of whatever kind, nature or description, irrespective of legal theory, whether based on federal, state, local, statutory, or common law, or any other law, rule or regulation, including both known and unknown claims, accrued and un-accrued claims, foreseen and unforeseen claims, direct and indirect claims, and mature and un-mature claims, for monetary and non-monetary relief (including without limitation attorneys' fees, costs or disbursements incurred by the Plaintiff and/or Settlement Class Members or their counsel in connection with or related to the Action), that were or could have been asserted by the Plaintiff and/or Settlement Class Members against the Released Parties in this Action, including claims arising out of, or in connection with, or in any way related to the claims Plaintiff Lee made under FACTA and all claims for identity theft under any applicable federal, state or local statute, common law or regulation.

14.     "Released Parties" means Buth-Na-Bodhaige, Inc. d/b/a The Body Shop and its past, present and future parent companies, subsidiaries, divisions, affiliates, franchisees, predecessors, successors, and assigns, and in the case of all such entities, their respective present and former general partners, limited partners, principals, members, directors, attorneys, officers, employees, stockholders, owners, agents, subrogees, independent contractors, representatives, administrators, trustees, transferees, insurers, and persons or entities acting on behalf or at the direction of any of the foregoing.

5

15.    "Opt-Out Form" shall mean a form created by the Administrator that substantially complies with Section IV herein.

16.    For the sole purpose of settlement and the proceedings resulting from this Agreement, the term "Settlement Class" includes the following:  All persons who used a debit or credit card at any of The Body Shop's retail locations in the United States where an electronically-printed receipt was received at POS or in a transaction that displayed more than the last five digits of that person's debit or credit card number during the period beginning February 12, 2011, to the date the class is certified for settlement purposes.  Notwithstanding the foregoing, all persons who are or have been enrolled in The Body Shop's "Love Your Body$^{TM}$ Loyalty Program" for whom The Body Shop has an e-mail or physical address, and who made a debit or credit card transaction between April 23, 2014 and January 9, 2016, shall be included in the Settlement Class and hereinafter referred to as the "Direct Notice Settlement Class Members."

17.    "Settlement Class Members" or "Members of the Settlement Class" as the context may require, means Plaintiff and all persons who are included in the Settlement Class definition in Paragraph 16 above, and who do not validly and timely elect exclusion from the Class pursuant to Fed. R. Civ. P. 23 and under conditions and procedures as determined by the Court. All Settlement Class Members together comprise the "Settlement Class."

18.    "Unknown Claims" means any and all Released Claims that the Plaintiff or any Settlement Class Member does not know or suspect to exist in his or her favor at the time of the release of the Released Parties, which if known by him or her might have affected his or her decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Plaintiff shall expressly waive, and each

6

Settlement Class Member shall be deemed to have waived, and by operation of the Final Order shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

The Parties acknowledge, and all Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims (as set forth in Paragraph 13 above) was separately bargained for and was a key element of the Settlement.

## II.  SETTLEMENT CLASS MEMBER BENEFIT

1.  ECONOMIC RELIEF.

(a)  The Body Shop will provide the following to each Settlement Class Member:

1.  $12.00 gift card ("Settlement Benefit"), which will be treated as the same as cash (except that it cannot be redeemed for cash), toward the purchase of any items for sale, including discount or sale items and promotions, and which can be used to pay for any applicable tax on the purchase, at any of The Body Shop's U.S. retail locations.

2.  The $12.00 gift card, either in whole or in part, may be redeemed at any of The Body Shop's U.S. retail locations or redeemed online at www.thebodyshop-usa.com.

(b)     The gift cards will be fully stackable (i.e., they may be combined for use in any given transaction), and once validated, as described in Section VII, below, the gift card shall never expire.

(c)     The Body Shop agrees and represents that it will have sufficient assets to compensate all Settlement Class Members for each gift card transaction.

2.     EQUITABLE RELIEF

The Parties agree that a Final Order shall issue stating that The Body Shop is now compliant with FACTA at all of their U.S. retail locations and that The Body Shop is hereby required to comply with FACTA at all their U.S. retail locations in the future. This order shall be issued as part of the Final Order.

III.  **RELEASES**

1.     In accordance with the provisions of the Final Order, for good and sufficient consideration, the receipt of which is hereby acknowledged, upon the Effective Date, Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of the Final Order shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

2.     In accordance with the provisions of the Final Order, for good and sufficient consideration, the receipt of which is hereby acknowledged, upon the Effective Date each of the Released Parties and all signatories to this Agreement shall be deemed to have, and by operation of the Final Order shall have, fully, finally and forever released, relinquished and discharged Plaintiff, Settlement Class Members, Class Counsel, and The Body Shop and their counsel in this Action from any claims (including unknown claims) for abuse of process, libel or malicious prosecution arising out of, relating to, or in connection with the institution, prosecution, defense,

8

assertion, or resolution of the Action, including any right under any statute or federal law to seek counsel fees and costs.

    3.    This Settlement Agreement does not release, resolve or otherwise affect any claims that The Body Shop has against third-party defendant Verifone, Inc.

## IV. EXCLUSIONS FROM AND OBJECTIONS TO SETTLEMENT

    1.    The "Opt-Out Date" and "Objection Deadline" will be a date set by the Court and identified in the Notice, which the Parties propose to be forty-five (45) days from the initial Notice.

    2.    Each potential Class Member who wishes to be excluded from the Settlement must mail to the Administrator at the address provided in the Class Notice and disclosed in the website, a clear written request for exclusion ("Opt-Out Notice") either in their own format or on a form created and approved by the Administrator and available on the settlement website (The Opt-Out Form"). In either of these two events, the Opt-Out Notice must include his or her name, address, and telephone number, and it must be personally signed by the Class Member. The opt out notice must be postmarked on or before the Opt-Out Date and actually received by the Administrator within 10 days of the Opt-Out Date. The Administrator will provide a Opt-Out Form on the website. An Opt-Out Notice that does not include all of the foregoing information or that is sent to an address other than the one designated in the Notice or that is not received within the time specified, shall be invalid. No potential Class Member, or any person acting on behalf of or in concert or participation with that potential Class Member, may request exclusion of any other potential Class Member from the Settlement. The original Opt-Out Notices shall be filed with the Court by the Administrator not later than thirty (30) days after the Opt-Out Date. The filing shall redact any Social Security numbers of the person requesting exclusion, except for the last three digits. Copies of the Opt-Out Notices will be provided by the Administrator to

Class Counsel and counsel for The Body Shop not later than fifteen (15) days after the Opt-Out Date. If this Agreement receives final approval, any and all persons within the Class who have not submitted a timely, valid and proper written Opt-Out Notice will be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Action, even if those persons have previously initiated or subsequently initiate individual litigation or other proceedings against The Body Shop relating to the claims released pursuant to the terms of this Settlement.

3.      Any Class Member who has not filed a timely, valid and proper written Opt-Out Notice and who wishes to object to the fairness, reasonableness or adequacy of this Settlement must serve upon Class Counsel and counsel for The Body Shop (by mail, hand or by facsimile transmission to the addresses listed in the Notice) and file with the Court by the Objection Deadline, a written statement, signed by said Settlement Class Member or his or her duly authorized agent, setting forth the Settlement Class Member's name and address, his or her objections, as well as the specific reason(s), if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention, and a description of any evidence the Settlement Class Member wishes to introduce in support of the objection. Settlement Class Members may so object either on their own or through an attorney hired at their expense who files an appearance on their behalf.

If the objecting Class Member intends to appear at the Final Approval Hearing, the objection must also include:

(1) a statement that the objecting Class Member intends to appear at the Final Approval Hearing;

10

(2)  the specific objections the objecting Class Member wishes to be heard upon at
the hearing; and

(3)  the name, address and telephone number of any attorney who will speak or
appear on the objecting Class Member's behalf.

Any objecting Class Member who fails to timely object in the manner prescribed herein
shall be deemed to have waived any objections, shall be foreclosed from making any objection
(whether by appeal or otherwise) to the Settlement Agreement, and shall waive his or her right to
appear at the Final Approval hearing.  An objector may withdraw his or her objection at any
time.

## V.     FINAL JUDGMENT AND ORDERS OF DISMISSAL

1.      If, after the Final Approval Hearing, the proposed Settlement Agreement is
approved by the Court, Class Counsel shall within 10 days file and request entry by the Court of
a Final Order, substantially in the form of Exhibit "**A**" by the Court:

(a)      Approving the Settlement Agreement and judging its terms to be fair,
reasonable, adequate and in the best interests of the Class, directing consummation of its terms,
and reserving continuing jurisdiction to implement, enforce, administer, effectuate, interpret and
monitor compliance with the provisions of this Settlement Agreement and the Final Order.

(b)      Dismissing the Action with prejudice and without costs (except as
otherwise provided herein), and releasing the Released Claims against the Released Parties.

## VI.    NOTICE AND PRELIMINARY APPROVAL OF SETTLEMENT

1.      Class Counsel will file unopposed preliminary approval papers for the Settlement
Agreement, including an unopposed motion for preliminary approval and the proposed
preliminary approval order, together with proposed forms of direct notice and publication notice,
substantially in the form of Exhibits "**B**" and "**C**" (the "Notice"), the proposed form of the Final

11

Order, and the executed Settlement Agreement, within 10 business days of the execution of this Settlement Agreement. The proposed Preliminary Approval Order will, among other things, set a date for a Final Approval Hearing, establish a deadline for persons to opt out of the Settlement, approve the forms of Notice, find that the method of Notice selected constitutes the best notice to all persons within the definition of the Class that is practicable under the circumstances, and find that the form and method of Notice comply fully with applicable law and the United States Constitution.

2.      Pursuant to 28 U.S.C. § 1715, not later than 10 days after this Settlement is filed with the Court, The Body Shop will notify the appropriate officials of each state in which any potential Class Member resides, by issuing the appropriate notices of the proposed Settlement Agreement.

3.      The Parties will propose the following Notice procedure to the Court:

(a)      *Direct Email or Mail Notice.* Within thirty (30) days of the Court's entry of the Preliminary Approval Order, direct notice in a form substantially similar to Exhibit "**B**" ("Direct Notice") will be e-mailed or, if no valid e-mail address is known to The Body Shop, mailed to the Direct Notice Settlement Class Members by The Body Shop for whom The Body Shop has contact information sufficient for the delivery of such notice. All remaining potential Settlement Class Members shall receive Publication Notice and can make a claim for class benefits as provided in Section VII. The Body Shop is responsible for the cost associated with conducting such Notice.

(b)      *Publication Notice.* A publication notice in a form substantially similar to Exhibit "**C**" ("Publication Notice") shall appear and be published in the USA Today or other newspaper of general national publication. Publication Notice shall appear as a 1/8 page

advertisement. The Publication Notice shall run no fewer than two times in each of the impacted markets, at least 5 days apart, within thirty (30) days following entry of the Preliminary Approval Order.

(c)     *Website*.  Within twenty-one (21) days following the Court's entry of a Preliminary Approval Order, but in no event later than the date the Direct Notice begins or the Publication Notice is first published, the Administrator shall create, maintain and establish a dedicated and operational settlement website. The website's address shall be referenced in the Direct Notice and the Publication Notice.  The website shall include information about the Action and the Settlement, including copies of the Complaint in the Action, The Motion for Preliminary Approval, The Preliminary Approval Order, a copy of this Settlement Agreement; a downloadable Claim Form, and the name, address and telephone number of the Administrator. The Administrator shall maintain the website until 30 days following entry of the Final Order.

4.     All Notice and Administration costs will be paid by The Body Shop.  The Parties agree that The Body Shop shall select the Administrator with the approval of Class Counsel, whose approval shall not be unreasonably withheld.  The Administrator and Class Counsel shall keep all personal information, including the identity, telephone numbers, email addresses, and U.S. mailing addresses of the Settlement Class Members strictly confidential in accordance with applicable law and confidentiality agreements that they shall execute or have already executed. The Parties agree that this information may not be used for any purpose other than effectuating the terms of this Agreement or the duties or obligations arising hereunder.

5.     The Body Shop, or its counsel, will file with the Court and serve upon Class Counsel, no later than ten days prior to the Final Approval Hearing, an affidavit or declaration from the Administrator, stating that Notice has been completed in accordance with the terms of

the Preliminary Approval Order. Also, the Administrator shall file with the Court and serve

upon Class Counsel and The Body Shop's counsel no later than ten (10) days prior to the Final

Approval Hearing, an affidavit or declaration stating the Settlement website has been created in

accordance with the terms of the Preliminary Approval Order.

6.      The Final Approval Hearing will be held at a date and time to be set by the Court

and will occur after the passing of the Opt-Out Date. At the Final Approval Hearing, the Court

will consider and determine whether the provisions of this Agreement should be approved as

fair, reasonable and adequate, whether any objections to the Settlement should be overruled,

whether a Final Order approving the Settlement Agreement and dismissing the Action should be

entered, and whether Plaintiff's petition for attorneys' fees, costs and expenses, and incentive

award should be granted.

## VII.    CLAIMS (CLAIMS PROCESS)

1.      Within thirty (30) days after the Effective Date, all Settlement Class Members for

whom The Body Shop has contact information sufficient for delivery and who did not timely

opt-out shall be provided the Settlement Benefit, together with an activation code and

instructions, which indicate that the Settlement Class Member need only submit the activation

code in order for the gift card to be effective (i.e., no claims form or other information is

required) ("Activation Notice"), from The Body Shop in the same manner as that Settlement

Class Member received Direct Notice. The Activation Notice shall provide an online address

(URL) and, for those receiving notice by e-mail, a hyperlink to that online address, where the

Settlement Class Member shall be able to input the activation code.

2.      Settlement Class Members must input the activation code (as described above) to

activate the gift card within 120 days from receipt of the Activation Notice.

3.      Once the activation code is submitted in the manner described above, the gift card, which the Class Member may print or download, shall be immediately usable at any The Body Shop retail store or on The Body Shop's website and shall not expire.

4.      The time period for submitting claims for those potential Settlement Class Members for whom The Body Shop does not maintain contact information shall begin upon the first provision of Publication Notice and shall conclude 90 days thereafter ("Claims Period").

5.      These potential Settlement Class Members must submit claims during the Claims Period for determination whether their claims constitute Valid Claims. To constitute a "Valid Claim," a claim must meet the following conditions:

a.      The claim must be submitted within the Claims Period and may be submitted online, via the website established by the Administrator, or mailed. Claims forms submitted by mail shall be deemed as submitted within the Claims Period so long as said forms are postmarked within the Claims Period and actually received by the Administrator within 10 days of the end of the Claims Period.

b.      A Valid Claim must be submitted by completing a Claim Form, which shall be made available to potential Settlement Class Members by the Administrator upon written request or on the dedicated website established by the Administrator. The potential Settlement Class Member will state in the Claim Form that he or she purchased an item at one or more of The Body Shop's U.S. retail locations using a credit or debit card during the Class Period, and provide a mailing or e-mail address to which the Activation Notice may be sent. The potential Settlement Class Member

15

shall be asked to state as much of the following information as the potential Settlement Class Member knows: (1) his or her name; (2) city and state of the store from which the purchase was made; (3) method of payment; and (4) the date (e.g., month and year) or best estimate of the date upon which the purchase was made. The potential Settlement Class Member shall **either:** (A) attach a copy of the receipt of purchase or their debit or credit card statement, or (B) provide an attestation in writing or electronically to the truth of the above statements and that he or she received a debit or credit card receipt from The Body Shop that contained more than the last five digits of the card number.

c.  For each Valid Claim belonging to a Settlement Class Member who does not choose to opt out of the Settlement in a timely fashion, The Body Shop shall send the Settlement Benefit and Activation Notice to the e-mail or physical address indicated by the Settlement Class Member on the claims form, and the activation code must be submitted in the manner and within the timeframe provided in paragraphs VII(1) through (3), above. Once the activation code is submitted in this manner and timeframe, the gift card, which the Settlement Class Member may print or download, shall be immediately usable at any The Body Shop retail store in the United States or on The Body Shop's website and shall not expire.

d.  A claim is not valid if: (1) the claims form is post-marked after the Claims Period; (2) it is materially incomplete or otherwise does not contain sufficient information for the Administrator to determine its validity; (3) it

16

does not contain the evidence required by paragraph VII(5)(b) above such as an attestation in writing or by electronic means by the person identified on the Claim Form; (4) it duplicates another Claim Form submitted by the same person; (5) it is submitted by a Class Member who received Direct Notice; or (6) if it contains materially false information as to the claim. The Body Shop reserves the right to verify whether the information set forth in the Claim Form is accurate and to submit its findings to the Administrator. The determination of whether a submission constitutes a Valid Claim is at the sole discretion of the Administrator.

6. Any Settlement Class Member for whom The Body Shop has a physical address but not an e-mail address or who does not provide an e-mail address on the claims form, but who has a Valid Claim, may request that the gift card, together with an activation code and instructions, be delivered by regular mail to his or her physical address rather than electronically. Such gift cards must be activated online by the Settlement Class Member within 120 days of mailing, and once activated shall not expire.

7. The Administrator shall monitor the class communications to ensure compliance with the orders of the Court and this Settlement Agreement, and provide an affidavit or declaration in support of final judgment. The Administrator shall also skip trace bounce back e-mails, gather any objections for reporting to the Court, and handle any claims made by actual or potential Settlement Class Members receiving Publication Notice.

## VIII. PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL AND INCENTIVE FEE TO PLAINTIFF

1. Class Counsel will submit a fee petition for reasonable attorney fees, costs and expenses, with all such fees and costs to be paid by The Body Shop. The Body Shop agrees not

to oppose in Court or any other forum such petition for an award of attorney fees and costs so long as the petition does not seek an amount of combined attorney fees and costs in excess of $500,000.00. Furthermore, Class Counsel agrees not to petition the Court for more than $500,000 for attorneys' fees and costs combined, and, in no event shall The Body Shop be liable for any attorneys' fees and costs to Plaintiff, the Settlement Class Members or Class Counsel in excess of these amounts. Upon submission of a fee petition in compliance with the foregoing, The Body Shop will file no objection or commentary to the fee petition other than to support the request only as necessary to finalize the Settlement.

2.      Entry of a Final Order is not conditioned upon an award of the attorneys' fees and costs sought by Class Counsel. Subject to the Court's approval, such attorneys' fees and costs shall be paid to Class Counsel within thirty (30) days after the Effective Date or the Court's approval of such attorneys' fees and costs, whichever is later, provided that Class Counsel has given The Body Shop a completed copy of an IRS Form W-9 in advance. Payment of the fee award shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

3.      Class Counsel will apply to the Court for an award of incentive fees for the Plaintiff in an amount not to exceed $4,000.00 to be paid by The Body Shop in recognition of Plaintiff's service in pursuing this case. Plaintiff will not be entitled to receive any additional payments other than this incentive fee and his settlement consideration as a Class Member as described in Section II. Subject to the Court's approval, payment will be made by The Body Shop within thirty (30) days after the Effective Date or the Court's approval of the incentive award, whichever is later, provided that the Plaintiff has given The Body Shop a completed copy

of an IRS Form W-9 in advance. Payment of the incentive award to the Plaintiff shall be made via check to the Plaintiff which will be sent care of Class Counsel.

    4.    Class Counsel, Plaintiff and the Settlement Class Members agree that they will not seek any additional fees or costs other than as provided in this Agreement from The Body Shop in connection with the settlement of this Action.

## IX.    VOIDING OR WITHDRAWING FROM THE AGREEMENT

    1.    In the event this Agreement, or any amended version agreed upon by the Parties, is not approved by the Court for any reason, this Agreement shall be voidable at the election of any Party. In order to exercise this option, the voiding Party shall provide written notice of such Party's election within ten (10) business days after the issuance of a written order disapproving any aspect of this Agreement. Each Party shall also have the right to unilaterally render the entire Agreement void and unenforceable if any Court orders any material alteration of the terms of this Agreement. If this Agreement becomes null and void for any reason, The Body Shop, Counsel for The Body Shop, the Plaintiff, and Class Counsel agree that they shall from that date forward keep strictly confidential the terms of the Agreement, the existence of the Agreement, any information concerning the Agreement, or any of the discussions and or negotiations regarding the Agreement.

    2.    If a total of 400 or more Settlement Class Members submit timely and complete requests for exclusion pursuant to the provisions described in the Notice and the terms of this Agreement, The Body Shop shall have the absolute right in its sole discretion to withdraw from this Agreement. In order to exercise this option, The Body Shop shall provide written notice to Class Counsel of its election to withdraw within ten (10) business days after Defendant's Counsel is informed in writing (email sufficing) that the 400 opt-out threshold has been reached. Instead of electing to withdraw directly, The Body Shop may choose to first attempt to negotiate

19

a modification of the Settlement Agreement with Class Counsel; as long as The Body Shop's request to negotiate is made before the expiration of the ten (10) business day period described above, The Body Shop's right to withdraw from this Agreement will be extended until ten (10) business days after the parties have failed to reach an agreement on modifying this Agreement.

3.      The parties acknowledge that there are two additional putative class actions pending against The Body Shop, which involve allegations under FACTA, captioned Monika Taylor v. Buth-Na-Bodhaige, Inc., et al., Case No. 8:16-cv-00610-DOC-JCG (C.D. Cal.) and Shane Flaum v. Buth-Na-Bodhaige, Inc., d/b/a The Body Shop, Case No. 15-cv-62695-WJZ (S.D. Fla.) ("Other Actions"). If a final judgment that includes certification of a class (which The Body Shop shall oppose) is entered in either of the Other Actions, and affirmed by the relevant court of appeals, prior to the Effective Date, The Body Shop shall have the absolute right in its sole discretion to withdraw from this Agreement. In order to exercise this option, The Body Shop shall provide written notice to Class Counsel of its election to withdraw within ten (10) business days after the occurrence of either affirmance of such final judgment or the time for appeal of the final judgment has expired without any appeal.

4.      If either party withdraws in conformity with the provisions and time limits of this Section, the Agreement will be null and void for all purposes and may not be used or introduced in further litigation except to determine whether that party is entitled to withdraw from the Agreement and has validly done so. In the event this Agreement is voided, deemed void, or the Effective Date does not occur for any reason, Plaintiff, The Body Shop, and their respective counsel shall keep strictly confidential the terms of the Agreement, the existence of the Agreement, any information concerning the Agreement, or any of the discussions and or negotiations regarding the Agreement

5.      The Administrator shall each calendar week notify Class Counsel and Defendant's Counsel by fax or e-mail of the number of individuals who have to that date submitted timely and complete requests for exclusion, and at the same time shall send to said Counsel by fax, e-mail or by overnight delivery copies of all the timely and complete requests for exclusion which Class Counsel has received.

6.      If the Agreement is terminated in accordance with its terms for any other reason, the Parties will be returned to their status immediately prior to execution of this Agreement as if this Agreement had never been made. Accordingly, upon any such termination for any reason: (i) the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Action as of the date of execution of this Agreement; and (ii) the Parties shall not be deemed to have waived any substantive or procedural rights or defenses of any kind that they had as of the date of the execution of this Agreement.

## X.      NO ADMISSION OF LIABILITY

By executing this Agreement, The Body Shop does not admit any liability and specifically denies any wrongdoing and denies that the Settlement Class Members are entitled to any damages. The Body Shop denies all claims as to liability, wrongdoing, damages, penalties, interest, fees, injunctive relief and all other forms of relief. The Body Shop denies any and all allegations relating to the Civil Action. The Body Shop maintains that it has acted lawfully at all times.

Neither this Agreement nor any drafts hereof nor any documents relating to the Settlement set forth herein constitutes an admission of liability or of any fact by Plaintiff or The Body Shop. The Parties agree that the foregoing documents:

(a)      Will not be offered or received against any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by any

21

of the Released Parties of (i) the truth or relevance of any fact alleged by Plaintiff, (ii) the existence of or proper scope and definition of any class alleged by Plaintiff, (iii) the propriety of class certification on the merits if the Action were to be litigated rather than settled, or (iv) the validity of any claim or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation.

        (b)     Will not be offered as or received against any of the Released Parties as evidence of, or construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted hereunder; and

        (c)     Will not be offered or received as an admission or concession that the consideration to be given to Settlement Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial.

## XI.    CONTINUING JURISDICTION

The United States District Court for the Southern District of New York will have continuing jurisdiction over the Action for the purpose of implementing the Agreement until the Action and all related matters are fully resolved, and for enforcement of the Agreement and the Final Order thereafter. The Court will resolve any dispute regarding the Parties' obligations pursuant to this Agreement or interpretation of the terms of this Agreement or the Final Order. The Final Order shall include language implementing this provision.

## XII.  MISCELLANEOUS PROVISIONS.

1.     ENTIRE AGREEMENT.  This Agreement and its exhibits constitute the entire agreement and understanding between and among the Parties with respect to settlement, and supersedes any and all prior negotiations and agreements or understandings (oral or written) with respect to the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement.  In the event of any conflict between this Agreement and any other Settlement-related document, the Parties intend that this Agreement shall be controlling.

2.     NEUTRAL INTERPRETATION.  This Agreement shall not be construed more strictly against one Party than another merely because it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations and mediation resulting in the Agreement, all Parties have contributed substantially and materially to the preparation of the Agreement.

3.     CHOICE OF LAW.  This Agreement and the attachments thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the Parties to this Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of New York, without giving effect to that State's choice-of-law principles.

4.     CHOICE OF FORUM.  The Court, and any appellate court from which appeals of the Court's decisions may properly be brought, shall retain jurisdiction solely for the purpose of the implementation, interpretation and enforcement of the terms of this Agreement, and all Parties hereto and their counsel shall submit to the exclusive jurisdiction of the Court solely for purposes of implementing, interpreting and/or enforcing the Settlement embodied in this Agreement and for the resolution of all disputes arising out of or in relation to this Agreement.

5.    MODIFICATIONS OR AMENDMENTS.  This Agreement may not be modified or amended except by a writing signed by all Parties and their respective counsel and the subsequent approval of the Court.

6.    COUNTERPARTS AND SIGNATURES.  This Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument, which shall be binding upon and effective as to all Parties and Settlement Class Members.  Signatures that are electronic, scanned, faxed, photographed, photocopied, and/or emailed shall be considered as valid as an original written signature.

7.    ADDITIONAL ACTS TO EFFECTUATE THE AGREEMENT.  The Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement and to obtain the benefits of the Agreement.

8.    COMPETENCY; INDEPENDENT COUNSEL.  Each Party to this Agreement represents and warrants that he, she or it is competent to enter into this Agreement and in doing so is acting upon his, her or its independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the terms expressly set forth in this Agreement.  All of the Parties acknowledge that they are participating voluntarily and knowingly in exchange for the consideration described herein.  The Parties further acknowledge that they were provided with a reasonable period of time within which to consider this Agreement.

9.    The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties and the Settlement Class Members to the terms and conditions hereof.

24

IN WITNESS WHEREOF, the undersigned Parties hereto have caused this Agreement to

be duly executed as of the date indicated below.

PLAINTIFF AND SETTLEMENT CLASS MEMBERS

By: _____        Date: _01/18/2017_
    Henry Lee, Individually and on
    behalf of the Settlement Class

CLASS COUNSEL

By: _____        Date: _1/19/17_
    Joshua C. Dickinson, Esq.
    Bryant T. Lamer, Esq.
    Spencer Fane LLP

By: _____        Date: _1/18/17_
    Robert Lash, Esq.
    Hur & Lash, LLP

THE BODY SHOP

By: _____        Date: _____
    Maria Harris
    Vice President & General Counsel - Americas

IN WITNESS WHEREOF, the undersigned Parties hereto have caused this Agreement to be duly executed as of the date indicated below.

PLAINTIFF AND SETTLEMENT CLASS MEMBERS

By: _____     Date: _____
      Henry Lee, Individually and on
      behalf of the Settlement Class

CLASS COUNSEL

By: _____     Date: _____
      Joshua C. Dickinson, Esq.
      Bryant T. Lamer, Esq.
      Spencer Fane LLP

By: _____     Date: _____
      Robert Lash, Esq.
      Hur & Lash, LLP

THE BODY SHOP

By: _/s/ Maria Harris_____     Date: January 24, 2017
      Maria Harris
      Vice President & General Counsel - Americas